## CRYSTAL ICE & ICE CREAM CO. v. WOOD.

No. 7715.   Opinion Filed May 16, 1916.

(157 Pac. 904.)

**NEGLIGENCE—Actions—Instructions—Last Clear Chance.** In charging on the doctrine of the last clear chance, it was error for the court to charge that plaintiff could recover if defendant, after discovering her peril, could have avoided injuring plaintiff by the exercise of all of the means at his command, and failed to do so.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Emma R. Wood against the Crystal Ice & Ice Cream Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*Breck Moss* and *Glen L. Bruner,* for plaintiff in error.

*J. Q. A. Harrod,* for defendant in error.

PER CURIAM.   On December 24, 1914, in the district court of Oklahoma county, Emma R. Wood, defendant in error, sued the Crystal Ice & Ice Cream Company, plaintiff in error, in damages for personal injuries alleged to have been received in a collision with one of defendant's automobiles.   The petition substantially alleged that the accident occurred on October 8, 1914, about halfway between Chickasaw and Noble streets on Robinson street in Oklahoma City, while plaintiff was crossing Robinson street; that the automobile which struck her was going north on Robinson street; and that her injuries were re-

ceived as a result of the negligence of the driver of said car. She further alleged:

"That running said automobile truck in way and manner aforesaid was in violation of Ordinance No. 1517 of the city of Oklahoma City, Okla., a true copy of which is hereto attached, marked 'Exhibit A,' and made a part of this petition."

She prayed damages in a sum certain. After demurrer to the petition was overruled, defendant answered, in effect a general denial and a plea of contributory negligence. There was trial to a jury and judgment for plaintiff, and defendant brings the case here.

It is sufficient to say of the facts that there was evidence reasonably tending to prove negligence on the part of defendant and contributory negligence on the part of plaintiff. Also, evidence sufficient to justify the court in charging the jury, among other things, on the doctrine of the last clear chance, which he did thus:

"You are further instructed that if, after a fair and impartial consideration of all of the testimony in this case, you find from the evidence that both the plaintiff and defendant were negligent at the time and just prior to the accident, then the plaintiff could not recover in this case, unless you further find that just prior to the accident the defendant discovered the situation in which the plaintiff was, and that the accident was about to occur, and could, by the exercise of all of the means at his command, have avoided the accident, and that he failed to do all in his power after the discovery of the situation of the plaintiff to avoid the collision, and that on account of such failure the collision occurred and resulted in the injuries complained of."

Which means that plaintiff could recover, if defendant, after discovering her peril, could have avoided injur-

ing her by the exercise of all the means at his command and failed to do so.

It is contended that this instruction placed too high a degree of care upon the defendant. The point is well taken. The law is well settled that defendant is only required to exercise ordinary or reasonable care to avoid an injury, after he discovers the peril of the plaintiff; that is, the care that an ordinarily prudent man would exercise under the circumstances. In *Oklahoma City Ry. Co. v. Barkett*, 30 Okla. 28, 118 Pac. 350, speaking of the rights of the parties under circumstances similar to those in the instant case, the court said:

"The plaintiff and the defendant both had a right to use the streets of the city. Therefore at the time of the accident they were in the exercise of equal rights. It was likewise the duty of both to exercise reasonable care to avoid collision, but it was not the duty of the defendant to exercise a higher degree of care than the plaintiff, nor was it the duty of the plaintiff to exercise a higher degree of care than the defendant. It was the duty of each, acting in his own place and under the circumstances surrounding him, to exercise that degree of care to avoid the accident which a reasonably prudent person would have exercised under the circumstances. * * * If, however, one sees the other, it is, of course, his duty to act with reasonable care after thus seeing the other to avoid the injury, and he cannot insist upon the other's negligence as a protection to him, if he, after discovering the other's situation, does not exercise reasonable care to prevent the accident."

In *Atchison, T. & S. F. Ry. Co. v. Baker*, 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825, the court, after pointing out that the evidence showed that the engineer discovered the peril of plaintiff, and that there was a

conflict in the testimony as to whether, after discovering it, he used reasonable care, said:

"This being so, it was proper to submit to the jury the question as to whether the plaintiff in error, after discovering the dangerous situation of the defendant in error, exercised reasonable care and prudence to avoid the injury."

In *Clark v. St. L. & S. F. R. Co.*, 24 Okla. 764, 108 Pac. 361, in discussing the duty devolving upon an engineer, after discovery of the peril of a traveler crossing the track, it was said:

"But when the engineer sees the plaintiff approaching the track, apparently unconscious of his danger or unable to extricate himself therefrom, the humanitarian doctrine requires the engineer to exercise reasonable care and prudence to avoid injuring him."

On account of the error complained of, the cause is reversed and remanded for a new trial.