**SHUCK, Adm'r, v. DAVIS, Federal Agent of Railways.**

No. 14087—Opinion Filed April 21, 1925.

Rehearing Denied June 16, 1925.

**1. Trial—Demurrer to Evidence—Effect—Failure of Evidence in Negligence Case.**

A demurrer admits the truth of all the evidence introduced and of all the facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. But where the evidence fails entirely to show primary negligence, the court should sustain the demurrer and instruct a verdict in favor of the defendant.

**2. Negligence—Last Clear Chance Rule—When Inapplicable.**

The last clear chance rule does not apply where defendant does not discover the injured person's exposure to the danger in time to prevent the accident.

**3. Judgment Sustained.**

Record examined, and held, it was not error for the trial court to sustain the demurrer to the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by J. A. Shuck, as administrator of the estate of Patrick Clancey, deceased, against J. C. Davis, agent in charge of the Chicago, R. I. & P. Ry. Company, and Chicago, R. I. & Gulf Ry. Company, on account of the injury and death of Patrick Clancy. From judgment in favor of the defendant, plaintiff brings error. Affirmed.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison, for plaintiff in error.

C. O. Blake, W. R. Bleakmore, A. T. Boys, and W. F. Collins, for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error brought this action in the district court of Jefferson county, Okla., as administrator of the estate of Patrick Clancy, deceased, against J. C. Davis, agent in charge of the Chicago, R. I. & P. Ry. Company, and Chicago, R. I. & Gulf Ry. Company, on account of injuries and death of said Pat-

rick Clancy, alleged to have been occasioned while he was in the employ of the said railway company as pumper at Amarillo, Tex., on the 28th day of June, 1919.

The parties will be referred to as they appeared in the lower court.

The plaintiff alleged in his amended petition that the deceased was living in one of the bunk cars located on the side of the defendant's track and near where the accident occurred; that the deceased had occasion to go on the track known as the "Dawson" track, and approached said track diagonally, going in an easterly direction—at a public place—generally used; that coming from the west and to his back was an engine and four empty cars operated by the servants of defendant; that the engineer saw deceased going diagonally onto said track as aforesaid when the engine was still 15 or 20 feet away and although the engine was going but four or five miles per hour at said time and could have been stopped before striking deceased by the use of the brakes, the engineer failed to stop, but ran over deceased and dragged him 50 or 60 feet. Plaintiff further alleged that defendant was negligent in not having a switchman on the front foot-board of said engine to signal engineer and to warn those in danger in the situation of deceased.

Defendant's answer consisted of a general denial, contributory negligence of the deceased, and pleaded the law of Texas on contributory negligence; to which answer plaintiff filed his reply of general denial of all affirmative allegations.

Thereafter the plaintiff, by leave of the court, filed an amendment to his amended petition, alleging that the plaintiff is entitled to recover under the statutes of the state of Texas in force and effect at the time of the injury and death of the said Patrick Clancy, which statute governs and controls the rights and liability of parties, setting out in said amendment the Texas statute, which provides, among other things, that "every corporation, receiver, or other person operating any railroad in this state shall be liable in damages to any person suffering injury while he is employed by such carrier operating such railroad," etc. Rev. St., art. 6648.

The cause went to trial on the above issues and after the conclusion of plaintiff's evidence the court sustained the defendant's demurrer to the evidence and dismissed the cause of action. Motion for new trial was overruled and exception allowed plaintiff,

and thereupon he gave notice of appeal to the Supreme Court.

For reversal of the judgment of the trial court the plaintiff assigns as error that the trial court erred in sustaining the demurrer of defendant to the evidence and in discharging the jury from the consideration of the cause over the objection and exception of plaintiff.

Many decisions of this court are cited in the brief of plaintiff announcing the rule to be observed by trial judges in their ruling upon demurrers to the evidence, and also the rule adopted by this court to the effect that in a damage suit dependent upon the last clear chance or discovered peril doctrine the engineer's statement as to whether he saw the injured party and as to the precautions he took do not necessarily impart verity and may be contradicted by the circumstances. Lusk v. Haley, 75 Okla. 206, 181 Pac. 729.

It is contended that there is negligence in the record on the part of the defendant causing the death of Patrick Clancy, and that the facts constitute a perfect case of discovered peril or the last clear chance doctrine.

It is well settled that a demurrer admits the truth of all the evidence introduced and all the facts which it tends to establish as well as every fair and reasonable inference, and should be overruled, unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. But where the evidence fails entirely to show primary negligence the court should sustain the demurrer and instruct a verdict in favor of the defendant. Buss. Adm'x. v. Chicago, R. I. & P. Ry. Co., 77 Okla. 80, 186 Pac. 729, and cases cited.

In the case of Perez v. Atchison, T. & S. F. Ry. Co. (Tex. Civ. App.) 192 S. W. 274, it is said in the opinion:

"An employer is only liable as a master to the servant when the latter is actually in his service and the relation does not exist where it appears that the performance of the master's work had been completed and the servant was engaged in a personal undertaking. Railway Co. v. Gonzales. 163 S. W. 619. At the time of the injury, Perez was performing no service for the defendant but he was engaged in a purely personal undertaking. Under the facts detailed appellant claims he was entitled at the time of his injury to the care that a master owes to a servant while on duty. It is true that he was subject to call in case of an emergency but this does not

alter the fact that at the time he was not on duty and was engaged upon his own private affair."

Plaintiff's petition alleged that immediately before his injury and death plaintiff's intestate "did, for some reason unknown to this plaintiff, cross from said bunk cars to said above described building and towards one of the rooms in which the motor cars were kept."

A careful examination of the evidence fails to disclose that the plaintiff's intestate was going to or from his work or engaged in the performance of any duty directly or incidentally connected with his work or was doing anything in the defendant's interest.

The testimony discloses that he was employed as a pumper at a pumphouse some 50 yards distance from the place of his death.

The engineer testified that the accident occurred on what is called the "Dawson" track, which runs east and west; that his engine was headed east; that he got the signal to start and had pulled ahead about four car lengths before the accident occurred; that he was running about four or five miles an hour; that the engine reached the point east of the east end of some bunk cars when the accident occurred, just about opposite the end of the cars; that he was keeping a close lookout ahead at the time of the accident; that he saw Mr. Clancy the instant the engine struck him and immediately shut off the throttle and applied the air brakes in emergency; and that nothing more could have been done to have prevented the accident.

He further testified that the bell on the engine was ringing until the time of the accident.

R. R. Bragg, division engineer, testified that he saw the deceased four or five minutes before the accident occurred; that he was then on the freighthouse platform, which was about 50 feet east and 30 or 40 feet south of the motor car shed; that he witnessed the accident; that he was standing in the door of one of these motorcar sheds, that one farthest east; that he heard the engine coming down the "Dawson" track and as he was standing very close to this track he turned his head to see if he himself was far enough away from the track, and as he did this he saw Mr. Clancy come from behind the east end of this "bunk" car and step onto the "Dawson" track; that he estimated that Mr. Clancy was not over four or five feet east of the east end of this "bunk" car at the time he went to cross that track; that when he first saw Mr. Clancy he was possibly two steps from the "Dawson" track, and that he approached the "Dawson" track at an angle and "stepped right in front of the engine."

The immediate cause of Mr. Clancy's death, as shown by the undisputed evidence, was not on account of the negligence or fault of the engineer or of any of defendant's employes, and there is nothing in the circumstances or in the physical surroundings that contradicts the testimony of the engineer that he did not see the plaintiff's intestate in time to prevent the fatal accident.

Under such a state of facts the last clear chance doctrine never came into operation. That rule does not apply when defendant does not discover the exposure to danger in time to prevent the accident. It applies where the employes having charge of the train fail or neglect to use all possible effort to avoid the injury after discovering the exposure to danger. Buss, Adm'x, v. C., R. I. & P. Ry. Co., supra, and cases there cited.

"To recover under the doctrine of discovered peril, it must be made to appear by evidence that the injured person was in a position of imminent danger, and that the defendant, or some one acting for him, actually discovered the peril in time to have averted the injury by the exercise of ordinary care, in using all reasonable means at hand." Houston, E. & W. Ry. Co. v. Barron (Tex. Civ. App.) 235 S. W. 335.

We are of the opinion the evidence was clearly insufficient to impose liability upon the defendant upon the theory of discovered peril; that it was not error for the court to sustain the demurrer to the evidence; and that the ruling of the trial court should be sustained.

By the Court: · It is so ordered.

Note.—See under (1) 29 Cyc. p. 627 (1926 Anno); 38 Cyc. pp. 1543, 1547, 1548. (2) 29 Cyc p. 531; Anno. 7 L. R. A. (N. S.) p. 132; 17 L. R. A. (N. S.) p. 707; 19 L. R. A. (N. S.) p. 446; 27 L. R. A. (N. S.) p. 379; 20 R. C. L. pp. 138-140; 3 R. C. L. Supp. p. 1038; 4 R. C. L. Supp. p. 1339; 5 R. C. L. Supp. p. 1082; (3) 29 Cyc. p. 627 (1926 Anno).