## ST. LOUIS-SAN FRANCISCO RY. CO. v. MILLER.

No. 16333—Opinion Filed March 16, 1926.

1. **Railroads—Collision with Automobile—Negligence in Maintaining Crossing—Evidence.**

Evidence examined, and held sufficient to carry the case to the jury on negligence of defendant in failing to construct and maintain its crossing in good condition for the use of the public, under section 5533, C. O. S. 1921, as the proximate cause of the injury.

2. **Negligence—Doctrine of Last Clear Chance.**

Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet the contributory negligence on his part will not exonerate the defendant and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence after having discovered the peril of the latter.

3. **Same—Liability of Railroad in Crossing Accident Sustained.**

Held, evidence sufficient to support judgment on doctrine of "last clear chance."

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Action by George Miller against the St. Louis-San Francisco Railway Company for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by George Miller against the St. Louis-San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

E. T. Miller, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

Frank Nesbit, for defendant in error.

Opinion by WILLIAMS, C. The parties herein will be referred to as plaintiff and defendant, as they appeared in the trial court.

George Miller commenced this action against the St. Louis-San Francisco Railway Company to recover damages alleged to have resulted from a collision between plaintiff's automobile and one of defendant's passenger trains.

Plaintiff alleged that as a result of said collision, he had been damaged in the sum of $600 as the reasonable worth of his automobile, same being wholly lost to him; that plaintiff's wife was severely injured, and that on account of said injuries plaintiff lost the aid, association, comfort, and society of his wife for a period of seven months, to his damage in the sum of $50 per month; that on account of such injuries plaintiff has expended $200 for medicine and medical attention, and prayed judgment against the defendant for $2,999.99, and costs, alleging that all of said damages and injuries were the direct and proximate result of the negligence and carelessness in the operation of said train by the employees of the railroad company in charge thereof. The defendant answered by general denial, and pleaded contributory negligence.

The facts, briefly, are: That plaintiff and family were driving from Century to Quapaw, Okla., in a Willis-Knight automobile, and as they came into Quapaw plaintiff attempted to cross the track of defendant at a public crossing; that there was a shallow hole or depression in the crossing from six to twelve inches in depth, making it necessary for plaintiff to shift gears of his car; that as he pulled over the main line rail the rear wheel went into the hole, and in attempting to shift, the gears stuck at neutral and became immovable; that at this time a northbound passenger train was approaching some half mile distant; that the track is straight and level for a long distance each way, and there was nothing to obstruct the view of approaching trains for a half mile in each direction; that it was a bright, clear day; that the train did not stop until after colliding with plaintiff's car and running on for some few hundred feet.

A demurrer by the defendant to the evidence was overruled, the case submitted to the jury, and a verdict returned in favor of the plaintiff for the sum of $500. From judgment thereon defendant appeals. Defendant first contends that "the evidence is not sufficient to show that the collision occurred and the plaintiff suffered damage on account of defendant's negligence in the maintenance of its crossing."

We think the evidence was sufficient to carry the case to the jury as to the liability of the defendant on the question of primary negligence, in failing to construct and maintain its crossing in a good condition for the use of the public, under section 5533, C. O. S. 1921, which is:

"It shall be the duty of every railroad company or corporation doing business, or operating a line of railroad, within this state, to construct a crossing across that portion of its track, roadbed or right of way over which any public highway may run, and maintain the same unobstructed in a good condition for the use of the public. * * *"

It is self-evident that, had the plaintiff not driven his car upon the track of the defendant, the same would not have become stalled thereon. The evidence reasonably tends to support the finding which inheres in the verdict, that the plaintiff's act in driving his car upon the defendant's track would not, of itself, have resulted in injury to plaintiff's wife and property; but that the negligence of the defendant in leaving the hole in the highway was the proximate cause of such injury.

"The proximate cause of an injury is ordinarily a question for the jury, and is not a question of science or legal knowledge, but is to be determined as a question of fact, in view of the circumstances attending it." St. L. & S. F. Ry. Co. v. Davis, 37 Okla. 340, 132 Pac. 337.

See, also, Muskogee E. & T. Co. v. Latty, 77 Okla. 156, 187 Pac. 491.

The second proposition to be considered is defendant's contention that "there is no evidence in the record sufficient to sustain a verdict based upon the doctrine of 'last clear chance.'"

The evidence of the plaintiff is to the effect that when he first observed the train, it

was at least a half mile distant from where the accident occurred; that the plaintiff endeavored to push his car from the track, and, failing in this, took the boy who was riding in the front seat with him, and removed him to a place of safety; that about this time, and at a time when the train was a distance of about a quarter of a mile from the place of the accident, plaintiff observed the engineer and fireman looking out of their respective cab windows toward him; that the plaintiff then endeavored to remove his wife and infant child from the automobile, but before he could succeed in doing so the engine of defendant's train struck the forepart of plaintiff's car, practically demolishing it and seriously injuring his wife. Plaintiff also testified that the passenger depot in Quapaw was about a half mile from the place of the accident; that the distance between the freight depot and the passenger depot was less than 100 feet. In reference to the distance the train was from the point where the accident occurred, at the time it is claimed the engineer first observed the plaintiff on the track, the engineer testified as follows:

"Q. Where were you with reference to that depot (passenger depot at Quapaw) when you saw this car on the crossing down there? By the Court: In your best judgment and opinion state where you were if you can. A. Well, I don't know just that, I don't know just the distance in there is the reason I can't answer it. Q. Can't you give us your best judgment? A. Well, I —my best judgment would be that I was about—near somewhere the north end of the freight depot, but I didn't notice this and I am not answering that where I was relative to the freight depot. My best judgment would be near the north end of the freight depot. Q. Now, about how far in your best judgment is the freight depot from the passenger depot? A. Well, they are right close together. Q. Right close together— probably 75 to 100 feet between them in there? A. Well, I don't know. Q. Well, approximately that? What is your answer, Mr. Jones? A. They are right close together anyhow. Q. Well, I would like to know about how far apart they are? A. Not very far. Q. Well, would they be about 100 feet? A. No, I wouldn't think they was that far. Q. All right, less than 100 feet? A. Yes, sir."

It will be observed from the foregoing testimony of the engineer who was in charge of the train, that he observed the plaintiff on the track when he was some quarter of a mile distant from him. The engineer further testified that the train was running at approximately 45 miles an hour, and that

he could stop the train in from 750 to 800 feet.

We take it from the foregoing testimony that it is of little consequence as to whether the plaintiff was guilty of negligence in getting his automobile upon defendant's track. We are convinced that there is evidence from which the jury could conclude that the engineer saw the plaintiff in his perilous situation in time to have avoided the collision. In the case of A., T. & S. F. Ry. Co. v. Baker, 21 Okla. 51, 95 Pac. 433, the court in the syllabus said:

"Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet the contributory negligence on his part will not exonerate the defendant and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence."

To the same effect is Clark v. St. L. & S. F. Ry. Co., 24 Okla. 764, 108 Pac. 361; Muskogee E. & T. Co. v. Tanner, 93 Okla. 284, 220 Pac. 655; M., K. & T. Ry. Co. v. Smith, 97 Okla. 152, 223 Pac. 373.

It is next contended by defendant that the court erred in the admission of certain incompetent evidence. The evidence complained of is to the effect that the injuries received by plaintiff's wife caused her to miscarry. No authority is cited by defendant in support of this contention. If the wife of the plaintiff suffered injuries we think there was no error in the admission of testimony to show the extent of such injuries.

For a reversal the defendant next contends that the court erred in submitting to the jury an instruction covering losses that might be suffered by the plaintiff as the result of the injury. The plaintiff testified that as a result of the injury his wife was confined to her bed for a period of two months, and during said two months was physically incapacitated from doing her household duties and was partially incapacitated for five or six months. The verdict returned by the jury is:

"Damages to his automobile at____$200.00
"Loss of services and aid of his
    wife at _____ 100.00
"For money expended for medical
    aid at _____ 200.00"

We think there is evidence reasonably tending to support the verdict of the jury,

and that the instructions of the court embrace the law applicable to the facts.

The next and last assignment of error is "that the verdict is excessive." We think this contention is without merit. Plaintiff testified that a short time before the accident he had paid over $400 for the automobile in question. The damages occasioned by loss of the wife's services and money expended for medical services has been previously disposed of in this opinion.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 33 Cyc. pp. 1100, 1128. (2) 29 Cyc. pp. 507, 530; anno. 55 L. R. A. 418; 7 L. R. A. (N. S.) 132; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S ) 446; 27 L. R. A. (N. S.) 379: 14 A. L. R. 1196; 28 A. L. R. 283; 20 R. C. L. p. 138; 3 R. C. L. Supp. 1037; 4 R. C. L. Supp. p. 1339; 5 R. C. L. Supp. 1082. (3) 33 Cyc. p. 1096 (Anno).