## GRAYBILL, et al. v. CLANCY.

No. 19536.   Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 1.

H. H. Montgomery, A. F. Moss, H. R. Young, and C. A. Warren, for plaintiffs in error.

Campbell & Ray, for defendant in error.

REID, C. The plaintiff got a judgment against the defendants for injuries received by him in a collision of plaintiff's motorcycle and an automobile belonging to the defendant Mary Graybill, and driven by her daughter, Gertrude Graybill, for her mother at the time the accident occurred.

The accident occurred at the intersection of two streets in the city of Bartlesville, Okla., on June 12, 1922. The plaintiff was then a little more than 18 years old. This case was tried in December, 1927. The jury gave a verdict for $1,750; and the defendants admit in their brief that there is evidence sufficient to sustain the verdict, and complain only of other matters.

The first contention requiring discussion, made by the defendants, relates to instruction No. 11, which is as follows:

"You are instructed that even if the defendants be shown to have been guilty of negligence, the plaintiff cannot recover, if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident; yet, the contributory negligence on his part will not exonerate the defendants and disentitle the plaintiff from recovering if it be shown that the defendants might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence."

It seems conceded by the parties that this instruction was intended to give to the jury what is known in negligence cases as the rule or doctrine of "last clear chance." Defendants say this was error for the reasons: (1) That plaintiff had no pleadings and evidence presenting that theory of negligence by defendants; and (2) that the instruction in itself was not a correct charge on that proposition even if it had been called for by the evidence.

That plaintiff's evidence relating to the accident consisted of his own testimony and that of his brother, who was riding behind him on the motorcycle, together with two other parties who saw the accident. The substance of all this evidence was to establish the allegations of the plaintiff's petition; that he was going north on Keeler avenue, in the city of Bartlesville. at a speed of 12 or 15 miles per hour; that defendants were coming south in an automobile on the same street; that the motorcycle and car arrived at the intersection of Seventh street and Keeler avenue at about the same time, plaintiff probably arriving there a little ahead; that when defendants' car reached the intersection, instead of going around the middle thereof, as the driver was required to do by a city ordinance, she cut the corner, turning abruptly to the left into Seventh street, without any warning of an intention to make a turn. Plaintiff said that, faced with this unexpected situation, he attempted to avoid the car by turning to the left, but was struck by or came into contact with the rear bumper of the car with his right leg, crushing it. These witnesses further said that when the accident happened, the automobile was close to the northeast corner of the intersection of the streets; and the witnesses for both parties seem to practically agree that it had partially passed beyond the east line of Keeler avenue into Seventh street. The evidence shows that each of these streets was 30 feet wide.

For the defendants, the driver of the car and her mother testified that they were driving south on Keeler avenue, and that when they reached the intersection of Seventh street, the driver said she signaled her intention to turn, and they both said that she went around the middle of the intersection and into Seventh street at a traveled place, or ruts, south of the middle of such street; and that their car was about halfway into the east line of Keeler avenue at the time it was struck. The daughter, and also another witness, testified that the plaintiff was traveling at about 30 or 35 miles per hour. The testimony of all the witnesses on the question showed that the automobile was going 12 or 15 miles per hour. There was other material evidence for both sides, but what we have detailed illustrates the material issues made by it.

The evidence on the whole presented the situation that if defendants cut the corner at the northeast intersection of the streets, as claimed by plaintiff, and sustained by some of his evidence, they violated an ordinance of the city of Bartlesville; on the other hand, if plaintiff was traveling at the rate of speed shown by defendants' witnesses, he was violating an ordinance of that city. There was this evidence, and probably other

evidence, which, within itself, would have sustained a verdict for plaintiff upon the theory that defendants' negligence was the proximate cause of the accident; or, for the defendants, on the grounds that no primary negligence of theirs was shown, or on the second ground that, though the defendants were negligent, yet the plaintiff was guilty of contributory negligence. But these propositions were each presented to the jury by other instructions.

The plaintiff claims, in support of the questioned instruction, that the testimony of the driver of the car that she saw the motorcycle when about 15 feet away from her, with the plaintiff then looking to the left and not where he was going, was sufficient to raise the issue; contending that she could have avoided the accident after she saw the peril of plaintiff, as the evidence discloses that the motorcycle barely collided with the rear bumper of the car. This is too narrow a margin to authorize the court to submit the issue to the jury, for there was no evidence that she could have then avoided the accident by the exercise of due care.

It was reversible error for the court to submit the rule of "last clear chance" when there was no evidence calling for such instruction. Mo., O. & G. Ry. Co. v. Lee, 73 Okla. 165, 175 Pac. 367.

In view of the fact that the case will probably be tried again, it is proper that we discuss the contention of the defendants that the instruction itself was erroneous.

The charge in question is an abstract statement of the law approximately as found in the syllabus of the case of Atchison, T. & S. F. Ry. Co. v. Baker, 21 Okla. 51, 95 Pac. 433, and in the later case of Thorpe v. St. Louis & S. F. Ry. Co., 73 Okla. 123, 175 Pac. 240. But the law as thus stated in the syllabi of the foregoing cases has never been approved as an instruction to a jury on the question.

In the body of the opinion in the Baker Case, after discussing the evidence, and in stating a proper instruction, the court said:

"This being so, it was proper to submit to the jury the question as to whether the plaintiff in error, after discovering the dangerous situation of the defendant in error, exercised reasonable care and prudence to avoid the injury."

And in that case there was evidence that the engineer could have stopped the train in time to avoid the injury.

In the case of Oklahoma City Ry. Co. v. Barkett, 30 Okla. 28, 118 Pac. 350, the evidence called for a charge on last clear chance. The trial court told the jury "that if defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent," then defendant would be liable. This court held that the instruction was erroneous, because of the inclusion of the words "or by the exercise of reasonable care have discovered," for that placed upon the defendants a burden not authorized by the law and the facts of the case. The court called attention to the Baker Case, supra, as authority that the instruction was incorrect, and also to the case of Clark v. St. L. & S. F. Ry. Co., 24 Okla. 764, 108 Pac. 361, where, in the latter case, the court had said that, though the evidence did not call for an instruction on last clear chance, yet stated the proper rule to be as then laid down in the Barkett Case. See St. L. & S. F. Ry. Co. v. Clark, 42 Okla. 638, 142 Pac. 396; St. L. & S. F. Ry. Co. v. Kral, 31 Okla. 624, 122 Pac. 177.

The charge in question swept the whole case and told the jury that, though plaintiff might be guilty of contributory negligence, yet he could recover if it were shown "that the defendants might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence." When closely examined, it seems to destroy any defense of contributory negligence made by the defendants; and while attempting to submit the rule of last clear chance, it omitted the necessary element that plaintiff's peril must have been known to the defendants at a time when they could have avoided the accident by using due care.

Many cases have come to this court wherein we have stated the proper rule on the question, and a few of them are: Chicago, R. I. & P. Ry. Co. v. Pedigo, 123 Okla. 213, 252 Pac. 1095; St. Louis & S. F. Ry. Co. v. Bryan, 113 Okla. 39, 237 Pac. 613; Midland Valley R. Co. v. Neeley, 114 Okla. 277, 246 Pac. 859; Muskogee Electric Traction Co. v. Tice, 116 Okla. 24, 243 Pac. 175; St. Louis & S. F. Ry. Co. v. Miller, 117 Okla. 60, 245 Pac. 52; Isaacs v. Tull, 131 Okla. 138, 267 Pac. 1049.

It is interesting to observe that in paragraph 2, in the syllabus of St. Louis & S. F. Ry. Co. v. Miller, supra, the court defined the rule as the instruction does in this case, adding "after having discovered the peril of the latter."

The defendants contend that instruction

No. 16 erroneously told the jury that if the driver of the automobile turned to the left without warning, the same constituted negligence; it being their claim that the decision of this court, in the case of Smith v. Clark, 117 Okla. 18, 256 Pac. 36, holds that such charge by plaintiff that defendant driver turned aside without warning was the sole act of alleged negligence. This court said that it was not negligence per se, and that as the charge of the trial court then told the jury, in effect, that it was, the charge was error. As there was shown no city ordinance commanding a signal before turning, this particular statement should have been omitted from the charge, as it tends to unduly emphasize that alleged element of negligence; but, in view of the fact that this was coupled conjunctively with the general proposition as to whether defendants cut the corner in violation of a city ordinance and negligently and carelessly made the turn, we hold this charge would not constitute reversible error.

For the reasons indicated, the judgment of the trial court is reversed and remanded.

LEACH, TEEHEE, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.