## OKLAHOMA RAILWAY CO. v. OVERTON.

No. 20569. Opinion Filed May 3, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied June 21, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan and J. H. Vossbrink, for plaintiff in error.

Gomer Smith, O. A. Cargill, and M. J. Parmenter, for defendant in error.

McNEILL, J. This is an appeal from a judgment in the sum of $35,000 rendered by the district court of Oklahoma county on January 8, 1929, in favor of Ora Overton, and against the defendant, Oklahoma Railway Company, a corporation. This suit was instituted by plaintiff, a colored minor boy of four years of age, acting by and through his guardian, Effie Overton, to recover damages for personal injuries sustained by him as result of an accident occurring at a street intersection in Oklahoma City.

The petition alleges that on the evening of September 10, 1928, at about 5:30 p. m., plaintiff was proceeding in a westerly direction across Olie street at the intersection with Park avenue in said city; that defendant was driving and propelling an interurban car in a northerly direction on Olie street at a high and dangerous rate of speed, to wit, 25 or more miles per hour; that it failed to keep said car under reasonable control upon entering said intersection; that the motorman failed to keep a reasonable and diligent lookout consistent with the safety of persons crossing the track of said defendant; that the motorman failed to stop said car or give any warning as the car approached the intersection where plaintiff was crossing the track on which defendant's car was being operated. Plaintiff then alleges the doctrine of last clear chance, in that the motorman carelessly and negligently failed to stop said car or to warn the plaintiff of the approach thereof, which he could have done in the exercise of ordinary care after he saw the plaintiff in a position of peril, approaching or upon said street car track; that as a result of said negligence, plaintiff sustained severe injury to his head, leaving ugly and permanent scars; that plaintiff's left leg was cut off about two inches below the knee, and that his right knee received ugly cuts, all to his damage in the sum of $35,000.

The defendant filed a general denial and alleged that its motorman was operating the car in a careful and prudent manner; that due and proper warning of its approach was given; that at all times the

motorman had the car under reasonable control, and that in spite of this care plaintiff ran into the front end of the car.

A brief summary of the facts follows: On the evening alleged in the petition, the plaintiff and another colored boy about ten years of age were proceeding across Olie street at the intersection of Olie street and Park avenue; the boys apparently had been playing and were on an errand to a grocery store nearby. The plaintiff started to run across Olie street on the north side of the intersection and double track of the defendant company running north and south on Olie street. At about the time plaintiff started to run across Olie street and towards the east rail of the east track, defendant's street car was some distance south of the south line of the intersection of Olie and Park avenue, which was being operated at approximately 15 miles per hour. The plaintiff, just before reaching the track, changed his direction and started running north and west, and in the same direction as the car. He was struck just north of the north line of the walk across the tracks on the north side of the intersection of defendant's car. After being struck, the defendant stopped its car and plaintiff was about 15 feet to the rear of the same and parallel with the east rail.

The plaintiff sustained injuries as alleged in plaintiff's petition. The defendant company furnished the plaintiff medical and hospital treatment.

The defendant complains that the verdict is contrary to the law and evidence; that the court erred in its instruction as to the last clear chance, and that the verdict is excessive. Other assignments of error are urged by defendant, but we consider it unnecessary to discuss but two propositions, to wit: The instruction as to the last clear chance and the excessiveness of the verdict. The instruction complained of is as follows:

"21. If you do find and believe from the evidence that the defendant, or its motorman, saw the plaintiff in a position of peril, or approaching a position of peril in the pathway of the on-coming street car, that it would then become the duty of said motorman, in the exercise of the use of the means at his command, to stop said car to warn the plaintiff of his approach and if he could have done either in the exercise of ordinary care, and negligently failed to do so, and by reason thereof plaintiff was injured, then in such event your verdict would be for plaintiff and against the defendant, and this would be so notwithstanding the negligence of the plaintiff, if any.

"This instruction embodies the rule of 'last clear chance,' or the 'humanitarian doctrine,' and is an exception of the general rules laid down in the other instructions."

Many cases have been cited by counsel for both sides on this humanitarian doctrine. The application of this doctrine is set forth in clear and explicit language in the case of Pennsylvania R. Co. v. Swartzel, 17 Fed. (2d) 869, wherein the court said:

"The doctrine of 'last clear chance' did not grow out of the establishment or creation of any new responsibility fixed by law upon wrongdoers, but it grew out of the fact that the law holds liable for injuries those who are responsible for the proximate cause of the injury, and the courts, searching for the proximate cause, found that in those cases where A, when he discovers B in a place of danger, must, regardless of all other considerations, himself use that which will be, under the circumstances, ordinary care to prevent injury to B. How B got into the position of danger is unimportant, because the proximate cause which justifies a recovery is A's failure to use ordinary care after the discovery. Compelling one to respond in damages under such circumstances is merely fixing a penalty for that which is a breach of a rule of conduct in all civilized society, namely, that one may not either wantonly or carelessly cause injury to another. The doctrine was enunciated in Davies v. Mann, 100 Meeson & Welsby 545, as early as 1842, and ordinary care was stated as the measure of defendant's duty. * * *

"Clearly, the rule does not apply in a case unless the danger is actually discovered, because the whole theory of the doctrine is based upon and confined to conduct subsequent to the discovery of the danger. The action required of the defendant, after discovering the danger, is one, as the rule states, of ordinary care, under the circumstances there present."

This court, in the case of Oklahoma City Railway Co. v. Barkett, 30 Okla. 28, 118 P. 350, said in the syllabus as follows:

"In an action for damages on account of the alleged negligent act of defendant, it is error for the court to charge the jury that the plaintiff may recover notwithstanding his contributory negligence, if the defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent."

This rule has often been adhered to by this court. See Metropolitan Ry. Co. v. Fonville, 36 Okla. 76, 125 P. 1125; Hailey-Ola Coal Co. v. Morgan, 39 Okla. 71, 134 P. 29; Oklahoma City Ry. Co. v. Cole, 46 Okla. 753, 149 P. 861; Crystal Ice & Ice Cream Co. v. Wood, 53 Okla. 592, 157 P. 904; Muskogee Electric Traction Co. v. Tice, 116 Okla. 24, 243 P. 175; Isaacs v. Tull, 131 Okla. 138, 267 P. 1049; Graybill v. Clancy, 144 Okla. 237, 291 P. 87; and Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. (2d) 714.

In a portion of the first paragraph of the syllabus, in the case of Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. (2d) 714, this court said:

"* * * To establish liability under the so-called humanitarian doctrine, or doctrine of the last clear chance, it is necessary to prove: (1) That the trespasser was in a place of danger; (2) that he was seen in such place of danger by the owner or an agent or servant of the owner; and (3) a failure thereafter to use ordinary care to avert injury."

The instruction given in this case as applicable to the doctrine of the last clear chance was an incorrect application of the law. This instruction was offered by plaintiff and does not follow the rule heretofore announced and adhered to by this court in so far as the same applies to the doctrine of the last clear chance. The objectionable feature—"or approaching a position of peril in the pathway of the on-coming street car * * * or warn the plaintiff of his approach,"—would be applicable under certain limitations to evidence under allegations of negligence, in the event that the plaintiff was approaching a position of imminent peril, but the same is not applicable in an instruction on the doctrine of last clear chance. Under this doctrine it was necessary for the motorman to actually see that the plaintiff was in a position of imminent peril, and the burden was upon the plaintiff to prove and to show that after such discovery the defendant failed to use ordinary care to avert injuring him. The record disclosed that but a couple of seconds, at the most, intervened from the discovery of the plaintiff to the stopping of the car, and there is nothing in the record to indicate that the driver of the car did not use, from the instant he saw the child in this regrettable position, every reasonable means and effort to stop the car before injuring him. An instruction on the doctrine of last clear chance has no application to the facts shown in the instant case.

After a careful review of this record, we conclude that this verdict which sought to compensate this minor child for the damages which he sustained as a result of this unfortunate accident is excessive. It is true that the court has the power to require a remittitur to be made for the purpose of stripping bias and prejudice from a verdict.

From the record in this case, there appears a very limited basis for computation upon which the court may arrive at a proper amount. In view of the erroneous instruction No. 21, supra, and the bias and prejudice which forms the basis of the verdict, we are of the opinion that it would subserve the ends of justice that a new trial be granted in this case. It was proper to submit the negligence of the defendant on the other issues to the jury. The instructions which were given with the exception of instruction No. 21, supra, appear to have presented fairly the law applicable to the issues and the evidence adduced.

The case is reversed and remanded for a new trial.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.