KURN et al. v. McCOY.

No. 29332. April 30, 1940.

*102 P. 2d 177.*

J. W. Jamison, of St. Louis, Mo., and Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for plaintiffs in error.

Burton & Harper, of Lawton, for defendant in error.

BAYLESS, C. J. J. M. Kurn et al., trustees, St. Louis-San Francisco Railway Company, a corporation, bankrupt, appeal from a judgment of the district court of Comanche county in favor of Lelia McCoy. The action was brought to recover damages suffered as the result of the loss of support occasioned by the killing of her husband through the alleged negligence of the defendant company.

When the issues had been joined by the pleadings, the plaintiff filed, in response to a motion to require her to elect, an election stating: "* * * had sought to plead and had plead a single cause of action based solely on the recovery of damages under 'the last clear chance' doctrine, prevailing in the state of Oklahoma, * * *" and expressly disavowing an attempt to charge actionable primary negligence. The case was tried on this theory, and the trustees contend there is not sufficient evidence in the record to justify submitting the issue to the jury.

The last clear chance doctrine "prevailing in the state of Oklahoma" involves three elements: (1) That the person injured be in a place of danger; (2) that he be seen in such place of danger by the person charged with having injured him; and (3) a failure thereafter on the part of the person who

saw him to use ordinary care to avoid injuring the person. Buss v. Chicago, R. I. & P., 77 Okla. 80, 186 P. 729; A., T. & S. F. R. Co. v. Bratcher, 99 Okla. 74, 225 P. 941; Shuck v. Davis, 110 Okla. 196, 237 P. 95; Oklahoma Ry. Co. v. Overton, 158 Okla. 96, 12 P. 2d 537; Atchison, T. & S. F. R. Co. v. Howard, 186 Okla. 446, 98 P. 2d 914; Missouri Pac. R. Co. v. Gordon, 186 Okla. 424, 98 P. 2d 39; and many other cases.

The essential facts in this case are: Deceased was last seen alive proceeding toward his home in a slightly intoxicated condition about 11 o'clock at night. About 1 a. m. o'clock the same night he was lying on the tracks of the railway, and was run over and killed by a train.

The only evidence in this record concerning the manner of his death is the testimony of a policeman who related the statement of the engineer of the train. This testimony was admitted over the strenuous objection of the trustees, and its admission is one of the errors complained of here. However, we adopt the suggestion of the trustees that its admissibility be conceded for the purposes of argument, and proceed to a discussion of the facts and law relating to the issue of liability under the last clear chance.

There is very little evidence respecting the circumstances of the death. The engineer observed an object on the track, but did not identify the object as a human body until he was too close to bring his train to a stop before striking him. The engineer was not asked any details and none were given respecting distances, etc. There is no evidence showing that the engineer omitted to use the means at his control to avoid striking deceased, after he discovered him and realized his peril. That was the duty he owed him.

Plaintiff complains of the unsatisfactory nature of the testimony of the engineer, apparently forgetting that this testimony was her only evidence. She argues that under such circumstances the engineer always testifies substantially as the engineer did herein, thereby implying that such testimony is unreasonable. We agree with her that it would be unusual for an engineer, or any other ordinary person, to admit that he observed a human being in a position of apparent helpless peril and proceeded to cause his death without using the means at his control to avoid killing the person. We think the testimony of the engineer in that respect is wholly reasonable.

Plaintiff cites Chicago, R. I. & P. v. Owens, 78 Okla. 114, 189 P. 171, as authority for the rule that the statement of the engineer is not conclusive, but may be rebutted or impeached by proof of surrounding circumstances that render his statement improbable or unreliable when judged in the light of the facts in the judgment of reasonable men. We find nothing in this record that would justify submitting to the jury the credibility of the engineer's testimony because it was contradicted by surrounding facts or is inherently improbable.

Judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

WELCH, V. C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent. RILEY, J., dissents.