JOHN WILLIAMS v. GALVESTON, HARRISBURG & SAN ANTONIO
RAILWAY COMPANY.

Decided December 23, 1903.

**1.—Charge—Several Defenses Submitted Conjunctively.**

If the petition in this case could be held to charge several acts of negligence conjunctively, any one of which would, if established, entitle the plaintiff to recover, he can not be heard to complain that the charge only authorizes a recovery upon proof of all the acts of negligence alleged in the absence of requested instructions. But note court's suggestion that the petition does not so allege the cause of action.

**2.—Same—Contributory Negligence.**

Charge on contributory negligence held not to invade the province of the jury on questions of fact, and to present correctly the questions of law involved.

**3.—Negligence—Imprudent Acts Under Apparent or Real Danger.**

The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of life or serious injury to his person. (International & G. N. Railway Co. v. Neff, 87 Texas, 309.) Conforming to this rule charge held correct.

**4.—Same—Contributory Negligence.**

If plaintiff's negligence either caused or contributed to his injury, such negligence, regardless of the negligence of defendant, will defeat his right to recover. Charge conforming to the rule held correct.

**5.—Damages—Evidence.**

Evidence considered and held to support the verdict in favor of the defendant company.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Burgess, Hopkins & Rainbolt, C. W. Ogden,* and *W. H. Lipscomb,* for appellant.

*Newton & Ward* and *Baker, Botts, Baker & Lovett,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Suit by appellant against appellee to recover damages for personal injuries occasioned by the alleged negligence of the latter.

The railroad company plead not guilty and contributory negligence. This appeal is from a judgment in its favor.

The evidence is amply sufficient to show that appellee was not guilty of the negligence charged, and that appellant's injuries were caused by contributory negligence on his part.

As all the assignments of error, except one, which complains of the sufficiency of the evidence to support the verdict, are directed against the court's charge, we will, after stating the acts of negligence alleged by appellant in his petition and the facts relied on to sustain such allegation, copy all the charge except the part giving the rule for the measure of damages, so that our rulings upon the assignment may be fully understood.

After alleging that he was a passenger on one of appellee's trains, plaintiff avers in his petition that the defendant negligently caused or

permitted its line of railway, upon which said passenger train was being operated, to be obstructed by a freight train, by reason of which the passenger train was negligently stopped by defendant upon the main track of its railway, and while standing on the track, defendant's agents and employes negligently permitted and caused a freight train to be driven along the main track in the rear of and towards the passenger train at such speed and in such close proximity as to make it appear to plaintiff that there was great and imminent danger of a collision with said train. That plaintiff, fearing there would be a collision, endeavored to get off the passenger train for the purpose of avoiding the danger of a collision, and for this purpose left his seat and went upon the platform of the car for the purpose of alighting from the train; that when he reached the platform and was about to alight therefrom, the train was negligently, carelessly and suddenly started by the agents and employes of defendant with so violent a jerk and jar as to throw him with great force and violence from the platform to the ground, which he struck with great force, causing the infliction of serious, painful and permanent injuries.

The evidence shows that plaintiff was a passenger on one of defendant's passenger trains en route from Gonzales to the city of San Antonio; that a freight train was running towards the last named city, in its rear, and another freight train in front of the passenger train; that when the passenger train arrived at a point east of the defendant's yards in San Antonio, near where the Missouri, Kansas & Texas road joins that of defendant, the freight train in front was stopped by reason of a drawhead having been pulled out of a car next the engine; that the passenger train came up to the freight train and stopped until the latter could get out of the way. While the passenger train was thus waiting for the freight train to get ahead, after remaining stationary for several minutes, the rear freight train came up. As soon as the passenger train stopped a flagman was sent back from it to signal the approaching freight train and its engineer and crew testified that the flagman gave the signals, and that they were answered by the engineer of the freight train, and that it was under full control and at no time was there any danger of its collision with the passenger train. However, when the passenger train stopped and the freight train was seen to approach from the rear, some uneasiness of a collision was manifested by the passengers, and a number of them got off. The plaintiff left his seat and went to the platform of the car for the purpose of leaving the train, but whether he did so before or after the passenger train was brought to a stop, the evidence is conflicting. One of his witnesses testified that he jumped off the train while it was in motion and before it had stopped, but there was testimony from which it could be found that after the train stopped and he was in the act of alighting, it was put in motion, and he fell to the ground and was injured.

As to whether the evidence of these facts showed negligence on the part of defendant or contributory negligence on the part of plaintiff,

was a question of fact for the jury to determine under the charge given them by the court. Such charge is as follows:

"If you find from the testimony that the defendant's passenger train upon which this plaintiff was a passenger was stopped upon the main track of defendant's line of railway, by reason of a freight train obstructing said track, and that while said passenger train was so stopped upon said main track, another freight train approached said passenger train from the rear, in such close proximity thereto as to make it reasonably appear to this plaintiff that there was imminent danger of there being a collision between said passenger train and said approaching freight train, and you further find that, by reason of the manner in which said trains were operated, this plaintiff had, under all the circumstances, reasonable grounds for believing, and did actually believe that there was great danger of a collision of said trains, and that if he remained upon said passenger train he was in imminent danger of losing his life, or receiving great bodily injury, and so believing, that this plaintiff left his seat and went upon the platform of defendant's passenger coach, and that while plaintiff was attempting to alight from said train the passenger train was suddenly started and that this plaintiff was thereby thrown or fell to the ground and injured as alleged in his petition, and you further find that in operating its trains in such manner as to make it reasonably appear to plaintiff that there was imminent danger of a collision between the passenger train which plaintiff was riding and the approaching freight train, if you find they were so operated, and in allowing said passenger train suddenly forward as plaintiff attempted to alight from said train, if you find it was so moved, defendant company was guilty of negligence, and that such negligence, if any, was the proximate cause of plaintiff's injury, if any, and you further find that plaintiff was not guilty of any negligence that either caused or contributed to his injury, if any, then you will find for plaintiff. By reasonable grounds as used in this charge, is meant such a condition of apparent danger as would ordinarily cause an ordinarily prudent and considerate person to become apprehensive of danger to himself under like circumstances and conditions.

"If, however, you find that the defendant company used that high degree of care that a very cautious, competent and prudent person would have used under similar circumstances to prevent any collision between defendant's passenger train and an approaching freight train, and that its said trains were operated in such a manner that an ordinarily prudent person, under all the circumstances, would not have had reasonable grounds for believing that there was imminent danger of a collision of said trains, and that he was in imminent danger of losing his life or receiving great injury if he remained upon said train, and that plaintiff's endeavor to get off of said train at said time and place either caused or contributed to his injury, if any, then you are charged that plaintiff can not recover and you will find by your verdict. Or, if you find that the plaintiff was guilty of any negligence in going upon

said platform or in getting off of said train, and that such negligence, if any, either caused or contributed to his said injury, if any, then your verdict must be for defendant and you will so find.

"Negligence as applied to the plaintiff herein means a failure to use that degree of care that would be exercised by an ordinarily prudent person under similar circumstances, and as applied to the defendant herein, means a failure to use that high degree of care that would be exercised by a very cautious, competent and prudent person under similar circumstances."

This charge, including the omitted paragraph upon the measure of damages, comprehends all the instructions given to the jury. No special instructions were requested either by plaintiff or defendant. Apparently each party was satisfied at the time with the charge given by the court.

Appellant's first and second assignments of error are as follows:

"1.   The court erred in instructing the jury that in order for the plaintiff to recover it was necessary for the jury to find not only that the plaintiff had reasonable grounds for believing that there was danger of a collision between the passenger and an approaching freight train, and that to escape such apparent danger the plaintiff attempted to alight from the car, and that in so doing was injured, but also that while plaintiff was attempting to alight from said train the passenger train was suddenly started.

"2.   The court erred in instructing the jury that in order for plaintiff to recover it was necessary for the jury to find that the defendant was guilty of both acts of negligence charged against the defendant, namely, that the defendant was negligent in operating its trains in such a manner as to make it reasonably appear to plaintiff that there was imminent danger of a collision, and was also negligent in moving the passenger train suddenly forward."

It is clear from an inspection of plaintiff's petition and reading the court's charge that the very acts of negligence alleged are submitted to the determination of the jury. It does not occur to us that this is a case where the petition charges several acts of negligence conjunctively, any one of which would entitle plaintiff to recover if established. While several acts of negligence are charged, they are by the allegations so connected with each other as to require proof of all to establish a cause of action. He not only had to show that the negligent acts of defendant caused him to believe that he was thereby placed in imminent peril of a collision of the freight train with the one upon which he was a passenger, but that in his effort to avoid such apprehended peril in attempting to alight from the train, it was suddenly started and he was thereby thrown therefrom to the ground and injured.

If, however, plaintiff's petition should be construed as charging several acts of negligence conjunctively, any one of which would, if established, entitle him to recover, he can not be heard to complain that the charge only authorizes a recovery upon proof of all the acts of negligence alleged in the absence of a request for additional instruc-

tions. Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Texas & P. Ry. Co. v. Brown, 78 Texas, 402; Railway Co. v. Wood, 69 Texas, 679.

The third assignment of error complains of the second paragraph of the charge. Under this assignment are inserted the following propositions:

"1. Where two independent and distinct acts of negligence are alleged as the basis for a recovery, either of which, if established and shown to be the proximate cause of the injury, would entitle plaintiff to recover, and both are denied, and the testimony on both issues is conflicting, it is error for the court to instruct the jury that a finding that the defendant is not guilty of one of the acts of negligence charged, would prevent a recovery.

"2. Contributory negligence is a question of fact, and it is not proper for the court to tell the jury that certain facts would amount to negligence.

"3. Contribution by plaintiff to the injury complained of, to constitute a defense, must be negligent.

"4. In order to justify a passenger in attempting to escape from apparent danger, it is not necessary that he should be in 'imminent danger of losing his life, or receiving great bodily injury,' but it is sufficient if the appearance of danger is sufficient to alarm a person of reasonable prudence."

What we have said under the two preceding assignments disposes of the objection to the charge contended for by the first proposition. The same authorities are applicable.

In regard to the second and third propositions, we will say that we can not perceive that the court in its charge tells the jury that certain facts would constitute negligence. The charge left to the jury all questions of fact, and for them to determine whether such facts as found by them constituted contributory negligence. It nowhere assumes the existence of any fact or invades the jury's province. It groups the facts constituting appellee's defense, and correctly applies the law to them. Railway Co. v. McGlamory, 89 Texas, 638; Railway Co. v. Mangham, 95 Texas, 413; Railway Co. v. Washington, 94 Texas, 517.

The charge does not instruct the jury, as is contended by the fourth proposition, that to justify plaintiff in attempting to escape from apparent danger he should be in "imminent danger of losing his life or of receiving great bodily injury." It only requires that defendant's negligence made it reasonably appear to him that there was imminent danger of a collision between the trains, and that he had reasonable grounds for believing, and did believe, there was great danger of a collision, and that if he remained on the train he would be in great danger of losing his life or receiving great bodily injury. In International & Great Northern Railway Co. v. Neff, 87 Texas, 309, it is said: "The rule is sound and just which holds the party guilty of negligence responsible for the result if that negligence has caused another to be surrounded by such circumstances as to him appear to

threaten the destruction of life or serious injury to his person." The charge simply states this rule announced and sanctioned by the Supreme Court. It is the imminent appearance of danger that threatens the destruction of life or serious bodily injury, brought about by the negli-. gence of another, that relieves one from contributory negligence, rendering it immaterial whether he acted prudently or imprudently, in his effort to save his life, or himself from serious bodily injury; and makes him who was guilty of the negligence responsible for the injury caused the other in his effort to escape the apprehended peril, regardless of the means by which he undertook to avert it. Fear of a slight injury does not justify one in encountering the risk of a greater injury to avoid it. The fear of death or serious injury naturally results from the apprehension of imminent danger of the collision of railway trains. And it is this fear, when brought about by the negligence of the company, that justifies one in encountering peril in order to escape it, and renders the company liable if he is injured in such endeavor.

The fourth assignment of error complains of this sentence in the charge: "Or, if you find that plaintiff was guilty of any negligence in going upon said platform, or in getting off said train, and that such negligence, if any, either caused or contributed to his injury, if any, then your verdict must be for the defendant, and you will so find." We can see nothing wrong in it. If plaintiff's negligence either caused or contributed to his injury, such negligence, regardless of the negligence of the defendant, will defeat his right to recover. Gulf C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. Railway Co., 90 Texas, 627; Railway Co. v. Hubbard, 70 S. W. Rep., 112.

The charge did not give undue prominence to the defense of contributory negligence. The issue of such defense was not referred to oftener than was necessary to make the charge complete and its meaning clear to the jury.

Our conclusions of fact dispose of the remaining assignment which complains of the verdict being against the preponderance of the evidence.

There is no error in the judgment and it is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—The undisputed evidence in this case shows that if plaintiff's effort to get off the train contributed to his injury, such effort on his part proximately contributed to such injury. Indeed, such evidence shows that it not only proximately contributed to, but it was the efficient cause of the injury. Therefore, it was not error for the court to instruct the jury, "That if plaintiff's endeavor to get off said train at such time and place either caused or contributed to his injury, if any, then you are charged that plaintiff can not recover."

The motion is overruled.

*Overruled.*

Writ of error refused.