### BUSS, Adm'x, v. CHICAGO, R. I. & P. R. CO.

No. 10277—Opinion Filed Jan. 6, 1920.

(Syllabus by the Court.)

**1. Trial — Demurrer to Evidence — Negligence.**

A demurrer admits the truth of all the evidence introduced and all the facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff.

But where the evidence fails entirely to show primary negligence, the court should sustain the demurrer and instruct a verdict in favor of the defendant.

**2. Master and Servant—Injuries to Employe—Negligence—Burden of Proof.**

In an action for damages sustained by an employe, the fact of accident resulting in injury carries with it no presumption of negligence on the part of the employer, but such negligence is an affirmative fact to be established by the evidence.

**3. Same — Railroad — Care Required — Warning to Employes of Train Movements.**

The general rule is that no duty rests upon the railroad company to give warning to the section hands working along the right of way as to the movement of its trains. It is where the danger is an extraordinary one—that is, a danger not incident to the service, and the employer has knowledge of such danger—that he is guilty of negligence if he fails to warn the employe. Where the danger is obvious to a person of ordinary intelligence, and one that can be known and appreciated by a person who exercises ordinary prudence and care, or where it is not an extraordinary peril, but one incident to the service, there is no duty to give warning

to employes, persons who have reached the years of discretion.

**4. Negligence—Last Clear Chance.**

The last clear chance rule does not apply where defendant does not discover the injured person's exposure to the danger in time to prevent the accident.

Error from District Court, Stephens County; Cham. Jones, Judge.

Action by Marie Buss, administratrix of the estate of John Buss, deceased, against the Chicago, Rock Island & Pacific Railway Company for damages. Judgment for defendant on demurrer to plaintiff's evidence, and plaintiff brings error. Affirmed.

Ledbetter, Stuart & Bell, and A. G. Morrison, for plaintiff in error.

R. J. Roberts, C. O. Blake, and Raymond A. Tolbert, for defendant in error.

OWEN, C. J. John Buss, while working as a section hand for the railway company, was walking along the east side of the main track, and in attempting to cross the track in front of one of defendant's passenger trains was struck by the engine, receiving injuries from which he died. The trial court sustained a demurrer to the evidence offered on the part of plaintiff and the question for determination is whether there was sufficient proof of primary negligence on the part of defendant to take the case to the jury.

The allegations of negligence charge that the passenger train was being run at a dangerous and unusual speed; that the engineer failed to give a proper warning, either by ringing the bell or by blowing the whistle, and failed to exercise proper care after discovering deceased in a dangerous position. From the evidence offered to sustain these allegations it appears the train was running not to exceed 15 miles per hour; that Buss, walking south along the right of way, in the direction the train was moving. turned as though to look back and stepped across the west rail of the track immediately in front of the approaching train, and, as one of the witnesses said, "was instantly hit by the engine."

A demurrer admits the truth of the evidence introduced and all the facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all the inferences which a jury could reasonably draw from it are insufficient to support a verdict. But where the evidence fails entirely to show primary negligence, the court should sustain the demurrer and instruct the jury in favor of the defendant. Mid. V. R. Co. v. Graney, 77 Oklahoma; Helm v. Mickleson, 66 Okla-

noma, 170 Pac. 704; Pet. Ir. Wks. v. Bullington, 61 Oklahoma, 161 Pac. 538; Phoenix Print Co. v. Durham, 32 Okla. 575, 122 Pac. 708.

The fact of accident or injury to an employe, in the course of his employment, carries with it no presumption of negligence on the part of the employer, but such negligence is an affirmative fact for the injured employe to establish by evidence. Mid. Val. R. Co. v. Graney, supra; Ponca City Ice Co. v. Robertson, 67 Oklahoma, 169 Pac. 1111; Phoenix Print. Co. v. Durham, supra.

Deceased being an employe of the defendant, the law did not impose upon defendant the duty to keep a lookout for him or to give him warning of the approaching train; defendant owed him no duty except not to willfully or intentionally injure him after discovering him in a position of danger. Chicago, R. I. & P. R. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008; Bailey's Personal Injuries (2nd vol.) sec. 2727; 3 Elliott on Railroads (2nd Ed.) sec. 1283; Crowe, Adm'r. v. New York Cent. & H. R. R. Co', 70 Hun 37, 23 N. Y. Sup. 1100; Aerfetz v. Humphreys, 145 U. S. 418, 36 L. Ed. 758.

Defendant cannot be held liable under the rule of last clear chance, for the reason Buss was not in a position of danger until he stepped across the west rail when he was struck instantly. The last clear chance rule does not apply 'where the defendant does not discover the exposure to danger in time to prevent the accident. It applies where the employes having charge of the train fail or neglect to use all possible effort to avoid the injury after discovering the exposure to danger. St. Louis & S. F. R. Co. v. Clark, 42 Okla. 638, 142 Pac. 396; Atchison, T. & S. F. R. Co. v. Baker, 21 Okla. 51, 95 Pac. 433; Denver City Tramway Co. v. Cobb, 164 Fed. 41; Atchison, T. & S. F. R. Co. v. Taylor, 196 Fed. 878.

It was not error for the court to sustain the demurrer to the evidence, and the cause is, therefore, affirmed.

RAINEY, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.