Note.—See under (1) 3 C. J. p. 808, §730; p. 828, §740; p. 913, §813; 2 R. C. L. p. 139; 1 R. C. L. Supp. p. 409; 4 R. C. L. Supp. p. 84; 5 R. C. L. Supp. p. 73; 6 R. C L. Supp. p. 68. (2) 18 C. J. p. 426, §505; p 427, §511; 30 C. J. p. 696, §§285, 286; anno. 31 L. R. A. 844; 13 R. C. L. p. 1378; 5 R. C. L. Supp. p. 735. (3) 4 C. J. p. 900, §2869; 30 C. J. p. 696, §285.

---

LANCASTER, Adm'x, v. ST. LOUIS & S. F. RY. CO.

No. 17621.    Opinion Filed Oct. 4, 1927.

Rehearing Denied Dec. 23, 1927.

(Syllabus.)

1. **Master and Servant—Railroads—Railway Company not Required to Warn Employees on or Near Tracks of Train Movements.**

No duty rests upon a railway company to maintain a lookout for employees engaged in a service which requires them to be in places of danger on or near the railway tracks or to give them warning of the movement of trains, and this is true whether the employment is such as to require the employee to be on or near the track at a particular place, known to the company, or at different places on or near the track. St. L. & S. F. Ry. Co. v. Tyler, 107 Okla. 240, 232 Pac. 414.

2. **Same—Duty of Railway to Use Reasonable Care to Avoid Injury After Employee's Peril Discovered.**

As to employees, a railway company must exercise reasonable care to avoid an injury after the peril of the employee is discovered; but there is no duty to use reasonable diligence in order to discover the peril of the employee if the business of the railroad is conducted in a reasonable manner.

3. **Trial—Demurrer to Evidence—Effect — Failure of Proof of Primary Negligence of Railway.**

A demurrer admits the truth of all the evidence introduced, and all facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. But where the evidence fails entirely to show primary negligence, the court should sustain the demurrer and instruct a verdict in favor of the defendant. Buss v. Chicago, R. I. & P. R. Co., 77 Okla. 80, 186 Pac. 729.

4. **Same—Failure of Proof of Primary Negligence in Death of Railway Employees.**

The record examined, and evidence fails to show primary negligence.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; A. C. Barrett, Judge.

Action by Myrtle Lancaster, as administratrix of the estate of Jordan Lancaster, deceased against the St. Louis & San Francisco Railway Company to recover damages for the death of her husband, Jordan Lancaster. Demurrer sustained to evidence of plaintiff, from which plaintiff appeals. Affirmed.

Freeling & Howard, for plaintiff in error.

Stuart, Cruce & Franklin, for defendant in error.

FOSTER, C. Jordan Lancaster, who had been employed by the Frisco Railway Company for about 11 years, was, on the 25th day of November, 1924, killed by a collison between one of the trains of the Frisco and a motor car operated by Lancaster, who was at the time a section foreman in charge of Frisco tracts between Scullin and Sulphur. The collision occurred some five miles east of Sulphur while Lancaster, together with one Roy, was traveling east on a motor car, engaged in his regular duty as section foreman. The train was backing from Scullin to Sulphur on its regular schedule, as it had been doing for some eight or nine months, because of a defective turntable at Sulphur.

At the time of the collision the train consisted of three cars equipped with air brakes and regular crew, and the brakeman was standing on the back of the train and could have seen down the track in the direction the train was traveling some 300 yards. No signal nor warning of any kind was given except at about the time the collision occurred, at which time brakes were applied, and the train was stopped in about

75 yards. The train was traveling at the rate of 18 miles an hour and was engaged in both interstate and intrastate business at the time.

The court sustained the demurrer to the evidence, and instructed the jury to return a verdict in favor of the defendant. A motion for a new trial was overruled and exceptions saved, and the cause comes to this court for reversal of said order. It is admitted that the action is brought and that the case is governed by the Federal Employers' Liability Act.

It is an established rule that a railway company owes no duty to its employees to keep a lookout on its moving trains, or to ring a bell or blow a whistle in order to warn employees of danger. St. L. & S. F. Ry. Co. v. Tyler, 107 Okla. 240, 232 Pac. 414; Hines v. Pershin, 89 Okla. 297, 215 Pac. 599; Buss v. Chicago, R. I. & P. Ry. Co., 77 Okla. 80, 186 Pac. 729; Aerkefetz v. Humphreys, 145 U. S. 418, 36 L. Ed. 758; and many other cases.

Under this well-established rule there can be but one question presented in this appeal, to wit, whether the employees of the railway company, after actually discovering the danger of Lancaster, used reasonable diligence in attempting to prevent the accident.

The train was being operated practically on its regular schedule, and there is no testimony showing any carelessness or negligence on behalf of the company in the operation of said train other than its failure to keep a lookout or to give warning, which, under our law, is not required for the protection of employees. It follows that the railroad company cannot be held liable in this case unless, from the testimony, they were negligent after discovering the peril of Lancaster.

The testimony shows that there was a curve in the railroad at the place where the accident occurred, and that the engineer, who was riding on the side of the engine which placed him on the inside of the curve, and the brakeman, who was riding on the back of the train (the train running backwards), could see some 300 yards down the track. After the application of the brakes at the time of the accident, the train was actually stopped in about 75 yards. Considering this testimony in its most favorable light from the plaintiff's standpoint, together with all inferences that might be drawn therefrom, it indicates that, by the exercise of reasonable care, the brakeman, at least, and perhaps the engineer, could have seen the danger of Lancaster in time

to have stopped the train and avoided the accident. However, there seems to be no testimony that they actually saw Lancaster in time to have prevented the accident.

As to employees, the rule of this state is that a railway company must exercise reasonable care to avoid an injury, after the peril of the injured is discovered. But as to such employees, there is no duty requiring the use of reasonable care in order to discover the peril of the injured or deceased so long as there is no carelessness shown in the actual operation of the train. This doctrine was announced in the case of Oklahoma City Ry. Co. v. Barkett, 30 Okla. 28, 118 Pac. 350, and followed in numerous cases.

In this case the court sustained the demurrer to the evidence, and instructed the jury to return a verdict in favor of the defendant. The demurrer admits the truth of all the evidence introduced and all facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and the inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. But where the evidence fails entirely to show primary negligence, the court should sustain the demurrer and instruct a verdict in favor of the defendant. Buss v. Chicago, R. I. & P. R. Co., 77 Okla. 80, 186 Pac. 729.

Applying the above rule in the case at bar, there is no testimony showing or tending to show that the engineer, brakeman, or any other of the train crew, actually discovered the peril of Lancaster in time to avoid the accident. The only testimony on this point indicates that his peril was not discovered until practically at the same time the accident occurred.

The attorneys for plaintiff in their brief cite numerous cases concerning contributory negligence; but there can be no contributory negligence until a primary negligence is shown.

The train in this case was backing, and such had been the schedule of operation for several months, which it must be assumed was known to the deceased employee. This is not negligence per se. It was being operated practically on its regular schedule, which was also known to the deceased, and had been for several months prior to the accident. And since there is no evidence that the train was being run carelessly, the deceased assumed the risk incident to his employment in the general conduct of the defendant's business.

The case of M., K. & T. Ry. Co. v. Lenahan, 68 Okla. 73, 171 Pac. 455, is cited by plaintiff in support of her contention. However, there was testimony in that case to indicate that the engineer did not use reasonable care after discovering the approaching danger. But in the case at bar, although we have examined the testimony with diligence, we find no testimony tending to show a similar condition. Many other cases are cited by plaintiff in her brief, including the cases of Murphy v. Ry. Co., 228 Mo. 56, and D. & R. G. R. Co. v. Elliott (Colo.) 148 Pac. 269. In those states the rule seems to be that the company owes its employees the duty to keep a lookout and give warning of the approach of its trains, but in Oklahoma no such duty exists.

Objection was made to the action of the court in excluding certain testimony offered by the plaintiff. Plaintiff, however, does not mention this in her brief, and offers no authorities or argument in support of her exception; however, we believe the court was right in excluding the testimony. It follows, therefore, that the judgment of the district court of Carter county should be affirmed, and it is so ordered.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.