ROY, Adm'x, v. ST. LOUIS-S. F. RY. CO.

No. 20597. Opinion Filed Oct. 27, 1931.

Rehearing Denied Dec. 1, 1931.

W. F. Semple, Randell & Randell, and Holmes Colbert, for plaintiff in error.

E. T. Miller and Cruce & Franklin, for defendant in error.

RILEY, J. This is an action commenced by plaintiff in error to recover damages for the alleged wrongful death of Thomas A. Roy, who was killed in a collision between one of the defendant's trains and a motor car being operated upon the railroad track by one Lancaster, section foreman, and upon which Roy, who was an employee working on the section under said Lancaster, was riding. It was the same accident as the one out of which the case of Lancaster, Adm'x. v. St. L. & S. F. Ry. Co., 128 Okla. 176, 261 P. 960, arose. The record in the instant case, with certain exceptions, discloses a case substantially the same as that case, and the statement of facts concerning the accident will be found therein. Demurrer to plaintiff's evidence was sustained in the instant case as there. The same principles of law there stated are applicable in the instant case. We deem it unnecessary to again review these questions discussed therein, and deem it sufficient to apply the principles of law there applied. The only questions presented in this case that were not settled in the Lancaster Case, supra, are on the correctness of the ruling of the trial court in excluding certain evidence offered by plaintiff, and the sufficiency of certain evidence going to the charge contained in plaintiff's petition as to the alleged negligence of defendant after the discovery of the peril of the deceased.

It appears that, after the accident, the brakeman on defendant's train remained at the scene for sometime after the train had gone. Sometime, estimated by the witness as from 40 minutes to one hour, after the accident, the witness Beadles went to the scene of the accident and found the brake-

man there. In support of plaintiff's allegations of negligence, plaintiff sought to prove by this witness a statement made to him by the brakeman. With reference to the attempted proof, the following record was made:

"Q. You say you saw the brakeman there? A. This man said he was a brakeman. Q He was the railroad man in charge there when you got there? A. He said he was, yes, sir. Q. I will ask you to state what statement, if anything, he made with reference to when he saw the parties and what he did and how it happened. By Mr. Franklin: Wait a minute, we object as incompetent, irrelevant, and immaterial, not part of the res gestae, hearsay, and not binding on the defendant in this case. By Mr. Randell: We offer it as part of the res gestae. By the Court: What who said? By Mr. Randell: What the man in charge there, brakeman, party claimed to be in charge there, that he saw the bodies were there untouched, he was the man there in charge of the matter. By the Court: Objection sustained. Exception allowed. By Mr. Randell: If your Honor please, can I show dictating it into the record, may I show what I offer to prove? By the Court: Yes, sir. By Mr. Randell: We offer to show that his answer would be that this brakeman on the leading end of the train told him that he first saw them approaching in the motor car when he was seven times the distance between telephone poles, in substance, and that they were engaged in working on the car evidently and didn't see him and didn't seem to hear the alarm, but were in that position until the train struck them."

The admissibility of evidence as a part of the res gestae depends largely upon the circumstances of the particular case. But it has been said by this court that the rule is universal that to be admissible as part of the res gestae, statements must be substantially contemporaneous with the transaction; made on the spur of the moment; and induced by the happening of the events concerning which such statements are made, and not a narrative statement of what has occurred. M., O. & G. Ry. Co. v. Adams, 52 Okla. 559, 153 P. 200. and cases therein cited.

Generally it may be said that to render statements made by an employee of a corporation admissible as a part of the res gestae, they must appear to be spontaneous and so connected with the main fact under consideration as to illustrate its character, or to form, in conjunction with it, one continuous transaction. Coalgate Co. v. Hurst, 25 Okla. 588, 107 P. 657.

The showing here made does not bring the evidence offered within the rule stated above.

It was contended that the court erred in refusing to admit the testimony of a witness concerning a statement made by Lancaster to Roy while at the tool house at Sulphur, and just before departing on their journey back to their work, during which trip the accident occurred in which both lost their lives. The evidence which plaintiff offered and which the court denied was, in substance, that Lancaster had stated to his wife in the presence of Roy that he could not wait and must hurry back, and turning to Roy said: "I gave instructions to hold the train until we got back and must hurry back and not delay it."

This was not a statement made by the section foreman tending to show his knowledge of a defect in any of the instrumentalities connected with the injury as was the case in Schumann v. Mealiff, 178 Ill. App. 254, and Parrish v. Richardson (N. C.) 97 S. E. 225, cited and relied upon by plaintiff.

As to whether the order to hold the train was given by Lancaster was pure hearsay. There was no other evidence tending to show that such order was given. It would seem that if plaintiff desired to prove that such order was given, she should have brought some witness who heard it. Mere statements made to third parties by the foreman that he had given the order, or such statements made by the party to whom it was claimed to have been given that such order had been received by him, would be hearsay and inadmissible. There was no error in rejecting the evidence offered.

Finally, it is contended that there was evidence sufficient to take the case to the jury upon the question of negligence after discovered peril. The testimony of one witness is relied upon on this point. One Earl Black testified, in substance, that he was riding in the cab of the engine with the engineer and fireman; that his father, who was deceased at the time of the trial, but who was an employee of the defendant at the time of the accident, was also riding in the cab of the engine; that the train consisted of two coaches, a box car, engine, and tender; that the train was being pushed backward by the engine, that is, the engine and tender were behind pushing instead of being in front pulling the cars, and that the engine was also moving backward with the cab next to the cars; that shortly before the accident he heard a small air whistle sound in the cab of the engine; that there was also an air whistle at the other end of the train. That these two whistles were so arranged and so connected with the air line that when one would be sounded the other would sound at the same time. That is, that the two whistles could be sounded either by one in the cab of the engine or by a

person at the other end of the train; that when he heard the sound he turned and looked over the top of the tender and cars and saw the motor car approaching while about 1,000 feet away; that the emergency brakes were not applied to stop the train until immediately before the collision; that when he saw the motor car approaching, both Lancaster and Roy were bent over with their heads down, apparently working on the motor car and apparently unaware of the approaching train; that the train ran a considerable distance after the whistle sounded and before the brakes were applied.

It is earnestly contended that this evidence was sufficient upon which to base an inference that the brakeman discovered the peril of deceased in time to give warning, or in time to stop the train and thus avoid the injury, and that the brakeman was negligent in not applying the emergency brake in time to stop the train before striking the motor car.

There is no evidence to show whether the air whistle was in fact sounded by the engineer or by the brakeman or someone else on the train. Then, for the jury to assume or infer that the brakeman saw the motor car approaching in time to stop the train and avoid the injury, it would first have to be assumed or inferred that the brakeman sounded the air whistle. It would also have to be inferred or assumed that he was on the rear end of the train or in a position where he could see the approaching motor car and from these two assumptions or inferences only could the jury assume or infer that the brakeman, in fact, saw the approaching motor car and the deceased riding thereon in time to stop the train before it collided with the motor car and failed to use due care after such discovery. The latter was the ultimate fact that was necessary to establish in order to show negligence after discovered peril.

It is well settled that in passing upon a demurrer to evidence the demurrer admits the truth of all the evidence and admits the existence of all of the facts which the evidence, together with all inferences that may reasonably and logically be drawn therefrom, in the slightest degree tends to prove. But for this purpose an assumption or inference may not be based upon another assumption or inference. Only inferences based upon direct evidence concerning a fact may be indulged. This rule is clearly stated in Schaff v. Ferry, Adm'x, 105 Okla. 259, 232 P. 407, where it is said:

"It is elementary law that an inference of fact cannot be based on another inference; that a presumption cannot be based on an-

other presumption. No inference of fact or of law is reliable that is drawn from premises which are uncertain."

In that case the court quotes with approval from U. S. v. Ross, 92 U. S. 281, 23 L. Ed. 707. The rule there quoted is from Starkie on Evidence, p. 80:

"In the first place, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence as if they were the very facts in issue."

The following from Best on Evidence, 95, is also quoted with approval:

"A presumption which the jury is to make is not a circumstance in proof; and it is not, therefore, a legitimate foundation for a presumption."

In C., M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 70 L. Ed. 1041, it is said:

"Whenever circumstantial evidence is relied on to prove a fact, the circumstances must be proved, and not themselves presumed."

This rule has been consistently followed by this court: Hepner v. Quapaw Gas Co., 92 Okla. 9, 217 P. 438; St. L. & S. F. v. Mobley, 70 Okla. 297, 174 P. 510; Midland Valley Ry. v. Rupe, 87 Okla. 286, 210 P. 1038.

All the other questions raised in the appeal have been decided by this court in Lancaster v. St. L. & S. F. Ry. Co., supra, and the rules of law there applied are applicable here.

The judgment is affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and KORNEGAY, J., dissent.

Note.—See under (1), (2) annotation in L. R. A. 1916F, 564; 18 R. C. L. 616, 617; R. C. L. Perm. Supp. p. 4487. (6) 10 R C. L. 870; R. C. L. Perm. Supp. p. 2769; R. C. L. Pocket Part, title Evidence, § 13.