## ATCHISON, T. & S. F. RY. CO. v. PHILLIPS et al.

No. 21801. Opinion Filed June 28, 1932.

142

Rainey, Flynn, Green & Anderson and John Roemer, for plaintiff in error.

O. A. Cargill and J. L. Gowdy, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendants in error, who were the plaintiffs in the trial court, against the plaintiff in error, who was the defendant in the trial court. The judgment was for damages for the wrongful death of an eight year old child of the plaintiffs, which was alleged to have been caused by the negligence of the employees of the defendant.

We quote from the petition the material allegations as to negligence, as follows:

"(3) Plaintiffs allege that the defendant through its engineer and fireman in operating said train was careless and negligent in the following particulars, to wit:

"That they did carelessly and negligently operate said passenger train at said time and place at a high, dangerous and excessive rate of speed and in violation of slow orders arranged and prepared at said time and place for the protection of persons who were wont to be about the track and right of way of said defendant railway company and especially plaintiffs' infant child, Cecil Phillips, who was then and there at said place hereinbefore described, and that said defendant through its engineer and fireman in charge of said train as aforesaid did carelessly and negligently fail to have and keep said passenger train under reasonable control at its approach to the entrance of said slow signal territory along said right of way as hereinbefore set out. That the said engineer and fireman in charge of said passenger train carelessly and negligently failed to keep a reasonable and diligent lookout ahead consistent with the safety of persons at said time and place and did carelessly and negligently fail to sound any bell or whistle and give any signal or warning as they approached the place hereinbefore described and alleged.

"(4) Plaintiffs further allege that the defendant's engineer and fireman carelessly and negligently failed to stop said train, which they could have done in the exercise of ordinary care with the use of the means at their command after they saw the plaintiff's infant son, Cecil Phillips, in a position of peril upon said railway tracks hereinbefore alleged."

The answer consisted of a general denial, a plea of contributory negligence on the part of the plaintiffs, a plea that the child was a trespasser on the property of the defendant, and a plea of a settlement and release between the plaintiffs and the defendant. The plaintiffs, by reply, denied the plea of contributory negligence and that the child was a trespasser upon the defendant's property, and alleged fraud in the procuring of the release pleaded by the defendant. There was no allegation of any willful or intentional wrong and there is nothing in the record to show such a wrong. We cannot assume that either the fireman or the engineer intended to injure the child.

In this state the mere fact that an injury occurs carries with it no presumption of negligence. Chicago, R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 P. 1182. The burden is upon the plaintiff, in an action to recover damages for an injury caused by alleged negligence, to show the existence of the negligence and that the negligence was the proximate cause of the injury. Star v. Brumley, 129 Okla. 134, 263 P. 1086. A railroad company will not be held liable for personal injuries alleged to have been caused by the negligent acts of its employees, where there is no positive evidence of negligence or of facts from which negligence can be reasonably inferred. Chicago, R. I. & P. Ry. Co. v. Pedigo, 102 Okla. 72, 226 P. 72. Neither conjecture nor speculation may form a basis for a judgment. Eastern Torpedo of Ohio Co. v. Shelts et al., 121 Okla. 129, 247 P. 974.

At the conclusion of the plaintiffs' evidence, the defendant demurred thereto, and at the conclusion of all of the evidence, the defendant requested the court to instruct the jury to return a verdict in favor of the defendant. Those motions were overruled. The defendant contends that there was error on the part of the trial court in overruling them. That a demurrer to the plaintiffs' evidence in a personal injury action ought to be sustained, unless it is reasonably apparent from the evidence that the injury sustained by the plaintiff was caused by some wrongful act of the defendant in violation of a legal duty owing to the plaintiff, is well settled in this state, and it is equally well settled that where there is no evidence reasonably tending to show that the defendant was guilty of negligence, it is error for the trial court to submit that issue to the jury. Choctaw, O. & W. Ry. Co. v. Wilker, 16 Okla. 384, 84 P. 1086; Oklahoma Gas & Electric Co. v. Lukert, 16 Okla. 397, 84 P. 1076; Midland Valley Ry. Co. v. Graney, 77 Okla. 54, 185 P. 1088; Smith et al. v. Clark, 125 Okla. 18, 256 P.

36; Lancaster v. St. Louis & S. F. Ry. Co., 128 Okla. 176, 261 P. 960; White Line Cab & Baggage Co. v. Waterman, 150 Okla. 277, 3 P. (2d) 839, and Roy v. St. Louis-S. F. Ry. Co., 153 Okla. 270, 4 P. (2d) 1038.

Those rules must be applied to the facts shown by the record in this case under the rule adopted by this court as to what constitutes actionable negligence. That rule is:

"To constitute actionable negligence, where the wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty: and (3) injury to the plaintiff resulting from such failure." Chicago, R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 P. 250, and Chicago, R. I. & P. Ry. Co. v. Perkins, 115 Okla. 233, 242 P. 535.

Was there a duty on the part of the defendant to protect the child from injury? Unless there was, there was no actionable negligence on the part of the defendant.

The plaintiff C. D. Phillips, the father of the child, testified that the child was struck at a point between what is herein designated as the "false bridge" and what is herein designated as the "river bridge." He testified that there was a path moving from that point diagonally to Ash street and going south. His testimony as to the place at which the child was struck was based upon the conclusion formed by him from the physical facts as he saw them after the accident. He did not see the accident. The record shows that the path concerning which he testified ran diagonally across the railroad track. There is no testimony as to any other path. The record shows that the child was struck approximately at the place designated by its father, but the testimony is undisputed and is clear, cogent, and convincing that the child was either at the north end of the "false bridge" or at the center of the "false bridge" when it observed the train approaching, and that it ran either toward the north end of the "false bridge" and then turned and ran toward the south, or that it ran immediately toward the south. There can be no question but that the child was struck by the train while it was running down the railroad track apparently attempting to get away from the oncoming train. The fact that the child was struck at or near a path running diagonally across the track is immaterial herein, for the reason that there is nothing in the record to show that the child was struck by the train while it was traveling the path described by its father. For the reason stated, the decisions relied

upon by the plaintiffs, relating to injuries occurring while a well-worn and beaten path was being used by a pedestrian, have no application herein.

Those decisions are not applicable where the injury occurred while the pedestrian was not using the path but had left it and had gone to a point on the track, as in this case, at least 40 feet away from the path, and they are not applicable where a pedestrian sits down upon the track. While the existence of a path may be an invitation to use the path as a passageway, it is not an invitation to use the track as a place on which to sit. When the child went to the "false bridge" and sat down on one of the ties outside of the rails, it became and after that time was a trespasser. Midland Valley Ry. Co. v. Kellogg, 106 Okla. 237, 233 P. 716; Bevins, Adm'r, v. Chesapeake & O. Ry. Co. (Ky.) 227 S. W. 794; Davis v. Crawford's Adm'r (Ky.) 261 S. W. 835; Lee's Adm'r v. Hines (Ky.) 259 S. W. 338. While the child was not injured while sitting upon the "false bridge," it was injured near the end of that bridge while it was running from the place where it had been sitting on the bridge. There can be no question from the record but that the child was a trespasser at the time it was injured.

It is conceded that the attractive nuisance rule is not applicable to the facts shown by the record in this case, and if that fact was not conceded, it is apparent from the record.

The question answered in St. Louis & S. F. R. Co. v. Hodge, 53 Okla. 427, 157 P. 60, was: "Was there such a situation shown as made it clear, as a matter of law, that the boy at the time of his injury was a trespasser, or had the circumstances given rise to such an implied license as made the question one to be submitted to the jury?" There are no circumstances shown by the record in this case from which it can be implied that the child was a licensee of the railroad company. Conceding that there was a commonly traveled path across the railroad track, there is nothing in the record to show any custom or permission for persons, other than employees in the construction of the bridge and in the operation of the railroad, to walk along the railroad track. If the plaintiffs rely upon the diagonal path across the track as an invitation, they must fail, for the reason that the child was not injured while traveling that path. If they rely upon the child walking down the track, they must fail, for there was no evidence of the use of the track by pedestrians.

The trial court instructed the jury on the doctrine of the last clear chance, but it was in error in including in the instruction the same element that was determined to be erroneous in Oklahoma City Ry. Co. v. Barkett, 30 Okla. 28, 118 P. 350. This court has repeatedly spoken on that subject. See St. Louis-S. F. Ry. Co. v. Miller, 117 Okla. 60, 245 P. 52, in which it held:

"The rule of last clear chance is based on the negligent acts of the party after having discovered the peril of another."

See Clark v. St. Louis & S. F. Ry. Co., 24 Okla. 764, 108 P. 361. The last statement of this court on that subject was in Oklahoma Ry. Co. v. Overton, 158 Okla. 96, 12 P. (2d) 537, in which this court, after citing a large number of cases, held:

"The rule of the doctrine of last clear chance 'does not apply in a case unless the danger is actually discovered, because the whole theory of the doctrine is based upon and confined to conduct subsequent to the discovery of the danger. The action required of the defendant, after discovering the danger, is one, as the rule states, of ordinary care, under the circumstances there present.' Pennsylvania R. Co. v. Swartzel, 17 Fed. (2d) 869."

"To establish liability under the so-called humanitarian doctrine, or doctrine of the last clear chance, it is necessary to prove: (1) That the person was in a place of danger; (2) that he was seen in such place of danger by the owner or an agent or servant of the owner; and (3) a failure thereafter to use ordinary care to avert injury."

In Lusk et al. v. Haley, 75 Okla. 206, 181 P. 727, there was a conflict between the testimony of the engineer and the physical facts, which conflict this court held to be sufficient to require the submission of the issue to the jury. Here the physical facts conform to the testimony of witnesses. In that case the passenger train was moving rapidly. The fireman testified that he discovered the men when the locomotive was about 500 feet from them. The track was straight; the men were walking on it, and there was nothing to conceal them from the view of the train crew. In the instant case the train was moving slowly; the whistle was sounded; the bell was rung, and the child was not upon the track in plain view, but came onto the track or arose from a seated position visible to the engine crew only a few seconds before the child was struck.

The record shows that the train was stopped within a distance of less than 40 feet after the emergency brakes were applied. The evidence shows that the emergency brakes were applied as soon as practicable after the engineer received the signal to stop. The evidence shows that the train had traveled approximately 60 feet after the child was struck before the emergency brakes were applied. The evidence shows that neither the engineer nor the fireman saw the child until after it had been struck. From those facts we must conclude that the perilous position of the child was not discovered by either the engineer or the fireman in time to prevent the injury. There is no testimony in this record from which any other conclusion can be reached. Under the rule stated, the doctrine of last clear chance has no application to the facts in this case.

The record is this case does not show negligence on the part of the employees of the defendant. The child was a trespasser upon the property of the defendant. As such the defendant was under no obligation to protect it from injury until it was seen in a place of danger by the employees of the defendant. When the employees of the defendant saw the child in a place of danger, they signaled to stop the train and the train was stopped in less than 40 feet after the emergency brakes were promptly applied. That fact in itself is sufficient to prove that the train was moving slowly at the time the child was struck. There was no testimony that the train was moving in excess of six miles per hour at that time, and there was testimony in the record to the effect that it was moving only two miles per hour at that time. The brakes were in proper order and were promptly used; the whistle was sounded, and the bell was rung. There was no testimony to the contrary.

The trial court was in error in overruling the demurrer of the defendant to the evidence of the plaintiffs. It was in error in overruling the motion of the defendant for an instructed verdict. The facts were fully developed at the hearing.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to vacate the judgment rendered and to dismiss this action at the cost of the plaintiffs.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.