## McKEE v. BOWLIN.

No. 27108.   Oct. 11, 1938.

Rehearing Denied Feb. 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 21, 1939.

M. A. Dennis, for plaintiff in error.

Charles Skalnik, for defendant in error.

PER CURIAM. This appeal presents error from the district court of Tulsa county. The action was one to recover damages for personal injuries and was instituted by the defendant in error, H. D. Bowlin, as plaintiff, against Mrs. W. R. McKee and one W. F. Allen, as defendants. The parties will hereafter be referred to as they appeared in the trial court.

The plaintiff alleges that while in the employ of the defendant W. F. Allen and engaged in the transportation of certain cattle belonging to the defendant Mrs. W. R. McKee he was injured as the result of certain concurrent acts of negligence on the part of the respective defendants which, combined, were the proximate cause of his injuries. There was no allegation of any willful or intentional wrong on the part of the defendants or either of them. The answer of the defendants consisted of a general denial and a plea of contributory negligence on the part of the plaintiff. Reply was a general denial. The facts as disclosed by the record are as follows: In the summer of 1934 the plaintiff was living with and working for the defendant W. F. Allen. In the early part of August of said year the defendant Mrs. W. R. McKee, who was the owner of a large number of cattle, found it necessary, on account of the drouth then prevailing, to remove said cattle from a pasture located in Creek county to a pasture located near Sand Springs in Tulsa county. On account of the heat, distance, and the age of some of the animals it was necessary that the removal be effected by transportation in trucks. Mrs. McKee did not have sufficient equipment to effect the transportation within the time limited, and W. F. Allen, who was a neighbor and friend, offered to assist with his truck; in order to facilitate the removal of the animals, they were gathered in a corral which had a loading chute by means of which the animals could be placed in the trucks and which corral was located in a rough and wooded portion of the Creek county pasture accessible only by a narrow road or trail which wound through the woods and made a sharp U-turn just before reaching the loading chute. The work of transporting the cattle began on the morning of August 8, 1934, and continued on through the day and the following night. The truck which belonged to W. F. Allen was driven by the plaintiff and the truck which belonged to Mrs. W. R. McKee was driven by one Floyd Gibson, an employee of the said defendant. Shortly before sunrise on the morning of August 9, 1934, the plaintiff returned with the Allen truck to the corral, and after driving it up to the loading chute found that he would have to wait the arrival of the McKee truck before he could load out again, and while waiting for this truck lay down upon a blanket which had been used for the purpose of resting by a number of the employees and was spread in the road over which the truck would have to travel in reaching the loading chute, and plaintiff, without intending so to do, fell asleep. The McKee truck driven by Floyd Gibson arrived shortly after sunrise and the reflection of the sun on the windshield as the truck made the U-turn rendered it impossible for the driver to see any object lying in the road in front of him, and as a result the right front wheel of the truck was driven onto and partly over the body of the plaintiff before a warning from Johnnie Conn, an employee of Mrs. W. R. McKee, caused the driver to bring the truck to a stop. As soon as the truck was stopped it rolled back off the body of the plaintiff. The plaintiff was rushed to a hospital at Sapulpa, given an examination and emergency treatment, and did not appear at that time to be seriously injured and was discharged from the hospital the following day, and in about a week or ten days thereafter went back to work. At the close of plaintiff's evidence the trial court sustained a demurrer of the defendant W. F. Allen thereto and he was dismissed from the case. A similar demurrer on the part of Mrs. W. R. McKee was overruled, and at the close of all of the evidence said defendant moved for a directed verdict and a peremptory instruction in her favor, which were also overruled and denied. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $2,500. Motion for new trial was overruled and denied, and the said defendant appeals the cause here. The question here presented for determination is whether the court erred in overruling the demurrer of the defendant to the evidence of the plaintiff and in denying her motion for directed verdict and a peremptory instruction. The rule con-

tended for by the defendant with respect to to the necessity of the probata corresponding strictly with the allegata where the proximate cause of the injury is alleged to have been due to concurrent acts of negligence of several defendants, as exemplified in the cases of Forsell v. Pittsburg & Montana Copper Co. (Mont.) 100 P. 218; Terre Haute & I. R. Co. v. McCorkle (Ind.) 40 N. E. 65; Western Ry. Co. of Ala. v. McPherson (Ala.) 40 So. 934, and Williams v. Galveston & H. S. A. Ry. Co. (Tex.) 78 S. W. 45, does not prevail in this jurisdiction. See Oklahoma City v. Miller, 179 Okla. 363, 65 P.2d 990; Rhodes v. Lamar, 145 Okla. 223, 292 P. 335; Burt Corporation v. Crutchfield, 153 Okla. 2, 6 P.2d 1055; Selby Oil & Gas Co. v. Rogers, 94 Okla. 269, 221 P. 1012. Therefore, the sufficiency of the evidence to establish any primary negligence on the part of the defendant must be determined. The mere fact that an injury occurs carries with it no presumption of negligence (Chicago, R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 P. 1182; Chicago, R. I. & P. Ry. Co. v. Smith, 160 Okla. 287, 16 P.2d 226); and the burden is upon the plaintiff in an action to recover damages for an injury alleged to have been caused by negligence to show the existence of negligence and that the negligence was the proximate cause of the injury. Star v. Brumley, 129 Okla. 134, 263 P. 1086: Halbach v. Parkhill Truck Co., 169 Okla. 475, 37 P.2d 971.

"To constitute actionable negligence, where the wrong is not willful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure." Chicago, R. I. & P. Ry. Co. v. Smith, supra; Chicago, R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 P. 250; Chicago, R. I. & P. Ry. Co. v. Perkins, 115 Okla. 233, 242 P. 535.

As stated above, the evidence of the plaintiff showed that he was an employee of W. F. Allen and was working with and under him and at a task which necessitated his presence upon the premises of the defendant, and under such circumstances as to constitute him an invitee on the premises; therefore, the duty owing from the defendant to the plaintiff was that to an invitee; this was to protect the plaintiff from dangers known to the defendant or which she could have known or reasonably antici-

pated and which existed on the premises. Clinkscales v. Mundkoski, 183 Okla. 12, 79 P.2d 562; St. Louis & S. F. Ry. Co. v. Williams, 176 Okla. 465, 56 P.2d 815. The defendant was not an insurer of the plaintiff and was under no duty or obligation to protect the plaintiff from obvious dangers. Manifestly the defendant could not have anticipated that the plaintiff would lie down and go to sleep in the road over which he knew a truck would shortly have to pass. There was no proof of neglect on the part of the defendant of any duty which she owed the plaintiff. It is well settled that where the evidence fails to show primary negligence on the part of the defendant, a demurrer to the evidence should be sustained and a verdict instructed for the defendant. Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P.2d 908; Buss v. Chicago, R. I. & P. Ry. Co., 77 Okla. 80, 186 P. 729; Lancaster v. St. Louis & S. F. Ry. Co., 128 Okla. 176, 261 P. 960; Dollard v. Union Transportation Co., 132 Okla. 53, 269 P. 253; Atchison, T. & S. F. Ry. Co. v. Myers, 179 Okla. 637, 69 P.2d 62; Chicago, R. I. & P. Ry. Co. v. Smith, supra. We are unable to find in the record proof of any negligence on the part of the defendant in this action; even the doctrine of the last clear chance cannot be invoked. The injury of the plaintiff appears to have been due to one of those unfortunate situations which too frequently happen when a person fails to exercise sound judgment or take notice of an obvious risk. Not every injury is compensable. Life is strewn with accidents and mishaps for which no one can be held in damages. The verdict of the jury and the judgment of the trial court could not have been based upon evidence of negligence on the part of the defendant, for none was shown. The court should have sustained the demurrer of the defendant to the evidence of the plaintiff, and upon failure so to do should have directed a verdict in favor of the defendant. For the reasons above stated, the cause is reversed and remanded to the trial court, with directions to enter a judgment in favor of the defendant.

Judgment reversed and remanded, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, WELCH, GIBSON, HURST, and DAVISON, JJ., concur. CORN, J., absent.