VIERSEN et al. v. MASON.

No. 33640. Feb. 28, 1950.

*215 P. 2d 563.*

Bryan W. Tabor, Clayton B. Pierce, and Thurman B. Rucker, all of Oklahoma City, and Dale Rainey, of Okmulgee, for plaintiffs in error.

Steele & Boatman, of Okmulgee, for defendant in error.

CORN, J. Plaintiff brought this action to recover damages resulting from an injury he received on account of the negligence of defendant Vierson's employee.

In his petition he alleged, in substance: That he was engaged in the plumbing business in the city of Okmulgee; that he purchased from the defendant Vierson a large office safe, the same being about six feet high and some three feet square; that said defendant agreed to deliver the safe to him at his place of business in Okmulgee and at the request of the defendant he went to the place of business of the defendant and helped load the safe into a Ford pick-up truck belonging to said defendant; that the defendant's employee was driving the truck 30 miles per hour in violation of the city ordinance of the city of Okmulgee; that he, the plaintiff, was sitting on top of the safe in the rear of the truck some two feet behind the cab, when the defendant, while in the heart of the business district of said city and while going at an excessive rate of speed, and without warning to the plaintiff, immediately applied the brakes on said truck and negligently and carelessly brought the same to a sudden stop causing the safe to slip forward against the cab of the truck catching the feet of the plaintiff between the cab and the safe, breaking a bone in the left big toe and wrenching the left ankle and breaking three bones in the right foot and ankle. He prayed judgment for $1,050 for loss of wages, $57.50 hospital bill, $150 doctor bill and $32,550 on account of his earning power having been reduced.

The amended answer consisted of a general denial and an allegation that by reason of the circumstances the accident was an unavoidable casualty insofar as the defendants were concerned; that the plaintiff himself was negligent, which proximately caused or contributed to the accident and injuries, in that he failed to use the care and caution a reasonably prudent person would have used for his own safety; that he failed to change his position for his own protection when the safe started to move; that he was negligent and careless in sitting on top of the safe, which he knew or should have known would slide forward in case of a sudden retarding of speed, or a sudden stop; that the plaintiff was a grown mature man, knew the tasks which were to be accomplished in moving the safe, could see the hazards involved, and therefore assumed any and all risks involved in the moving of the safe; that the plaintiff and Lee Underwood, and the other parties, were all engaged in a common mission to load and unload and deliver the safe; that the plaintiff and Lee Underwood became fellow servants and the fellow servant rule was applicable and the plaintiff is not entitled to recover; that the plaintiff and his partner had purchased the safe from the defendant company which was not engaged in the moving

and hauling of safes; that the plaintiff and his partner came to the defendant's place of business to see that said safe was hauled; that the plaintiff took over the business of transporting the safe; gave the instruction how to load and unload it; how it should be transported; gave the instructions and directions of the route to be taken and therefore he became the master and Lee Underwood was the servant of the plaintiff and his partner, or, in the alternative, if Lee Underwood was not a servant and loaned employee of the plaintiff, and his partner, then, and in that event, the plaintiff was a loaned employee to the defendant company to help and assist in a common mission of loading and unloading and transporting the safe from the defendant's place of business to the plaintiff's place of business and was so engaged at the time of the injury, the defendant's business being of a hazardous nature and covered by the provisions of the Workmen's Compensation Act of the State of Oklahoma, and, therefore, the plaintiff was a loaned servant of the defendant company and is within the provisions of the Workmen's Compensation Act and is entitled to the benefits thereof, and, therefore, the trial court does not have jurisdiction of this case.

The reply of the plaintiff to the amended answer of the defendant was a general and specific denial.

With the issues thus joined, the case was tried to a jury, resulting in a general verdict of $4,000 for the plaintiff.

The evidence of the plaintiff reasonably tends to support the material allegations of his petition. There is a sharp conflict in some of the testimony of the defendants to that of the plaintiff, but as that question was settled by the verdict of the jury, we will not discuss the evidence further at this time.

The defendants present their assignments of error, to wit:

(1) The trial court erred in refusing to sustain a demurrer to the evidence or to direct a verdict for the defendants where there was no primary negligence shown or breach of duty on part of the defendants.

(2) The court erred in refusing to hold as a matter of law that plaintiff and defendant, Underwood, were "fellow servants" or that he was a vice-principal and could not recover against the defendants.

(3) The court erred in refusing to hold as a matter of law that the plaintiff had voluntarily loaned himself to the defendant company to load and deliver the safe, which employment was hazardous and covered by the Workmen's Compensation Act of Oklahoma and the trial court did not have jurisdiction of this action.

(4) The court erred in giving to the jury the instructions Numbers 9, 10, 12, 13, 14, 15, and 19.

Under proposition one defendants contend that the record fails to show primary negligence on the part of the defendants, and, therefore, the court should have sustained their demurrer to the evidence and directed a verdict for the defendants at the conclusion of all the evidence.

The evidence of the plaintiff was that the truck was being driven at an excessive rate of speed in violation of the city ordinance of the city of Okmulgee, and, without warning to the plaintiff, the driver of the truck stopped suddenly, thereby causing the injury complained of.

The only dispute in this testimony was by the driver of the truck, who testified he was driving in second gear at about four to eight miles per hour. The physical facts do not support this evidence.

In Atchison, T. & S. F. Ry. Co. v. Phillips et al., 158 Okla. 141, 12 P. 2d 908, the sixth syllabus is as follows.

"Submitting issue of negligence to jury, where there is no evidence reasonably tending to establish negligence, constitutes error."

In City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, fourth syllabus, we held:

"The question of negligence or no negligence is one of law for the court, where but one inference can reasonably be drawn from the evidence."

Under the record in this case it was proper for the trial court to submit the issue of negligence to the jury.

As to the second and third propositions, the facts in this case do not bring it within the rule so as to apply fellow-servant, vice-principal or loaned servant doctrine.

In proposition four the defendants say instruction 9 is erroneous in that it assumes that Underwood had knowledge that the plaintiff was riding in the truck "on the safe", whereas there was no evidence by any of the plaintiff's witnesses that Underwood knew that the plaintiff was riding on the safe.

In the record we find the following testimony of Underwood on cross-examination:

"Q. You saw him get on, did you? A. No, he was standing on the dock and he said he would ride back there. Q. Back there on the safe? A. Yes."

Therefore, the court did not err in giving said instruction.

We have examined all the instructions given by the trial court in this case, and when considered as a whole we do not find any errors of sufficient merit to cause a reversal.

Judgment affirmed.

DAVISON, C.J., and WELCH, GIBSON, JOHNSON, and O'NEAL, JJ., concur. LUTTRELL, J., concurs in result. ARNOLD, V.C.J., and HALLEY, J., dissent.